(No. 36607.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEO JACKSON, Plaintiff in Error.

*Opinion filed May 27, 1963.*

MARTIN S. ABRAMS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and JOSEPH V. RODDY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant seeks review of his conviction of the unlawful sale of narcotics following a bench trial in the criminal court of Cook County resulting in a sentence of imprisonment for a period of 10 years to 10 years and a day. He argues his court appointed counsel did not have adequate time to prepare for trial, that he was subjected to an "illegal search and seizure," and that the uncorroborated testimony of an admitted addict, when considered together with material variations in the testimony of the State's principal witness, was insufficient to establish guilt beyond a reasonable doubt.

The contention that the defense did not have adequate time to prepare for trial apparently is prompted by the allegation, included in defendant's statement of facts, that the first time he talked to the lawyer who represented him on the February 7th trial was the afternoon of February 6 when defendant says he was advised by trial counsel that

he (trial counsel) was replacing the attorney first assigned to the case. However, we may consider only that which appears from the record, (*People* v. *Lance*, 25 Ill.2d 455, 457, and cases there cited), and there is nothing therein supporting defendant's argument except that the assistant public defender appearing at the arraignment, and the assistant appearing at the trial were different individuals. It is affirmatively shown that defendant was arraigned on December 2, 1960, the public defender appointed to represent him, a plea of not guilty entered and the cause continued several times, being called for trial by jury on February 7, at which time defendant indicated he wanted to waive a jury, and the trial judge then proceeded to hear the case. Nowhere does there appear any motion for continuance or objection to the proceeding by defendant or his counsel, nor is it shown when the assistant who tried the case first entered the proceedings. The fact that an assistant public defender, other than the one originally appearing, actually tried the case falls far short of establishing that the defendant suffered any prejudice. There is no merit in this contention.

The factual statement indicates a police informer was disrobed, examined, supplied with marked funds and then taken by the officers to a point near a tavern where he alighted from the unmarked police car and walked up the street to a tavern. The officers followed at a distance, and observed the witness enter the tavern. He shortly came out and gave the officers four capsules which were shown to be heroin by a chemical analysis admitted by stipulation at the trial. The informer talked to the officers who then returned to the tavern, arrested one Minnie Griffin as she came out of the tavern, and arrested defendant in the tavern.

The informer testified that upon entering the tavern he saw defendant standing at the bar next to Minnie Griffin, the co-defendant, who was seated on a metal bar stool.

The witness asked defendant if he had any "merchandise", and upon receiving an affirmative answer requested "four for five-fifty". Defendant told the girl to give it to him, and she reached under the stool and brought out an Anacin box, giving the informer four capsules therefrom. The box had a small magnet on it which was demonstrated to be capable of holding the can to metal.

The informer was a former addict who at the time of this occurrence was "on withdrawal" having had no narcotics for several days. No charges were pending against the witness. He received no money as compensation for his services in this case.

At the time of defendant's arrest the marked money was found on him, and the empty Anacin box and magnet were found on Minnie Griffin. Defendant here claims the search of his person and seizure of the money was unlawful, but it does not appear that a motion to suppress the product of the search was ever made prior to or on the trial. We reaffirm our holdings that failure to present such a motion waives any question regarding the admissibility of the resulting evidence even if such question existed. *People v. Ikerd,* 26 Ill.2d 573, 581, and cases there cited.

The contention that the evidence is insufficient to establish guilt is without substantial basis. Defendant and Minnie Griffin both testified, and denied the sale of narcotics. Minnie explained the Anacin tin and magnet by saying she kept a padlock key in it; she first stated the key was with her possessions at the jail, but, when her attorney asked leave to secure and introduce it, she remembered that she had given it to her girl-friend who had given it to someone else.

Defendant explained the presence of the marked money by saying he had asked the informer for change in the tavern; the officer testified defendant first claimed he had received the money in payment of a debt from a man in the tavern. Both defense witnesses admitted prior felony

convictions, and the only actual question involved in the trial was the credibility of the witnesses. It is axiomatic that the resolution of this issue by the trier of fact will not be disturbed by us where, as here, there was ample evidence, if believed, to support the finding.

While defendant complains of material variances in the testimony of the informer, an examination of the record indicates that this witness was subjected to a rigorous cross-examination, and that his testimony was consistent, clear and unshaken, the variations referred to by defendant consisting of comparatively insignificant details as to whether the capsules of heroin were wrapped in a single small piece of pink Kleenex tissue or in four separate, small pieces of pink Kleenex.

Finding no error in the trial court proceedings, the judgment of the criminal court of Cook County is hereby affirmed.

*Judgment affirmed.*