**People of the State of Illinois, Plaintiff-Appellant, v. William Whittenburg, Defendant-Appellee.**

Gen. No. 11,096.

Fourth District.

September 3, 1969.

William J. Scott, Attorney General of State of Illinois, of Springfield (Fred G. Leach, Assistant Attorney General, of counsel), for appellant.

Walwyn M. Trezise, Public Defender of Livingston County, of Pontiac, for appellee.

CRAVEN, J., delivered the opinion of the court.

The Circuit Court of Livingston County entered an order discharging the defendant and dismissing an information filed against him charging the crime of escape, holding that the defendant had not been tried within 120 days as provided by section 103–5 of chapter 38, Ill Rev Stats 1967. The State appeals.

The following chronology of events is relevant to this appeal:

The defendant was an inmate in the Illinois Penitentiary at Pontiac. The information with which we are concerned charges his escape from that institution on August 7, 1967. On August 22, 1967, the public defender was appointed for the defendant and on the motion of the defendant the cause was continued to August 29. On August 29, again on the motion of the defendant, the case was continued to September 5, 1967. On September 5, on motion of the defendant, the case was continued to September 12, 1967. On that date the defendant was arraigned, pleaded not guilty and filed some motions with which we are not here concerned. On November 9, 1967, the defendant filed a written waiver of the 120-day statute and consented to a later setting of the case. Again on February 2, 1968, a written waiver of the 120-day statute was filed and then on March 14, 1968, a stipulation was entered into by the State's Attorney and the defendant by counsel which provided "that the within cause be removed from the Livingston County Circuit Court, General Division, trial calendar scheduled to commence Thursday, March 21, 1968, pursuant to prior agree-

ment between them, with the understanding that said case shall be scheduled for trial during the regular spring trial calendar normally scheduled in May."

In each instance, after the continuances and following the stipulation, the defendant was remanded to the custody of the warden of the Pontiac branch of the Illinois State Penitentiary.

On August 7, 1968, the defendant filed a motion for discharge wherein he asserted that the stipulation was made with the understanding that the case would be set during the spring trial calendar in the month of May, alleged the fact of no trial, and asked for discharge. On September, 3, 1968, an order was entered discharging the defendant.

██ In People v. Stillman, 391 Ill2d 227, 62 NE2d 698 (1945), the criminal proceeding was continued on motion of the defendant to the September term, 1940, of the Circuit Court of Peoria County. At the September term the cause was continued on motion of the People to December 31, 1940, and the trial was started that date. On December 23, of 1940, the defendant filed a motion for discharge, which was denied, and the Supreme Court affirmed. In so doing the court observed that the defendant's action on May 20, 1940, seeking a continuance to the September term constituted a waiver of his right to be tried within four months from the date of his commitment. His action placed it beyond the power of the People to give him a trial prior to the September term. He thus was only entitled to a trial within four months from the first day of that term. From that case and numerous other cases, it is well established—and in fact the parties agree—that when the defendant moves for a continuance or otherwise occasions a delay the 120-day permissible delay is calculated from the date to which the cause is continued and not from the date of the filing of the motion or other proceeding which occasioned the delay.

■ In this case the continuance, which under the stipulation can be said to have been occasioned by the defendant, was to a date during the regular spring trial calendar normally in May. By his motion for discharge the defendant obviously asserts that the 120 days started to run as of the date of the stipulation—March 14, 1968—rather than any date in May, and this under Stillman is clearly an untenable position. Prior to the changes made in connection with the adoption of the new Judicial Article, section 72.15 of chapter 37, Ill Rev Stats 1963, provided for a May term of court in Livingston County commencing on the first Tuesday of May.

Although not determinative of this appeal, the first Tuesday in May of 1968 was on the 7th.

Commencement of the trial in this case at the spring trial calendar normally held in May in the trial court clearly would have been within the scope of the stipulation. There was no such trial calendar. Thus, we must give to the stipulation a reasonable interpretation. We construe it to mean a stipulation to continue the case for trial to be held at some time during the customary time of the trial court's holding of a jury trial in May, although it may have meant any time during May. The evidence showed that customarily such trial had been held for the May term in the first two weeks of May. The motion for discharge was filed August 7, immediately after the trial court's scheduling and calling a jury panel for September 10. The second week of May, 1968, commenced May 12 and ended May 18. Less than 120 days would have transpired from the latter part of the second week of May to September 10. The order of discharge was in error, and must be reversed.

Judgment reversed and cause remanded for further proceedings.

TRAPP, P. J. and SMITH, J., concur.