THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH P. YATES, Defendant-Appellant.

(No. 11903; 

Fourth District—March 7, 1974.

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart and Michael Logan, Assistant Appellate Defenders, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jon C. Baxter, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from a judgment entered upon a jury verdict finding defendant, Joseph P. Yates, guilty of disobeying a traffic-control device in violation of a municipal ordinance and disorderly conduct in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 26—1, and imposing a fine of $15 and $100 respectively.

On June 11, 1970, defendant was observed by a Decatur, Illinois police officer "creeping forward" into an intersection while waiting for a red light. The officer then stopped defendant in order to issue a traffic citation, but the defendant immediately became indignant and launched a verbal assault upon the officer complaining that he "was tired of the God Damned Decatur cops arresting him—that it was a God Damned humbug—that he felt he was stopped unjustly as he always is." While the officer wrote the ticket, defendant continued his name calling,

screaming and yelling "loud enough to be heard in the immediate area" by people who had subsequently gathered on the street. The officer proceeded to ask defendant what the initial on his license stood for, and defendant answered loudly "Self, It stands for Self." The officer told him that if he didn't calm down and cooperate he would be arrested for disorderly conduct, but defendant said he didn't give a damn and resumed his badgering at which point the officer arrested him.

Of the various issues raised by defendant on appeal this court deems dispositive his contention that he was not granted a speedy trial as mandated by statute in Illinois.

 Ill. Rev. Stat. 1969, ch. 38, sec. 103—5 states in pertinent part:
⁂ ⁂ ⁂

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial *unless delay is occasioned by the defendant,* by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal."
(Emphasis added.)

This court has stated that "The criterion or test established by the Supreme Court is whether the act of the defendant in fact contributed to cause the delay, or created the necessity for the postponement of the trial." (*People v. Rice,* 109 Ill.App.2d 212, 218, 248 N.E.2d 332 (Fourth District).) This court will not presume delay occasioned by a defendant where the record is silent in that regard. *People v. Spicuzza,* 10 Ill.App.3d 447, 294 N.E.2d 105 (Fifth District).

In the instant case defendant demanded a jury trial on September 2, 1970, and 17 months transpired until defendant's trial on January 26, 1972, a time period clearly in excess of the 160-day period stipulated by the statute. Defendant then was clearly denied his right to a speedy trial unless the record indicates that the delay was occasioned by the defendant.

The State contends that the delays resulted from the various motions made by defendant to dismiss for want of prosecution and to withdraw attorneys. The record, however, does not substantiate these claims. Every motion to dismiss for want of prosecution made during the period September 2, 1970, to May 4, 1971, was denied on the day it was made and thus no delay can be imputed to defendant in that regard. On September 2, 1970, defendant moved that the State be required to produce a list of witnesses. Even assuming that this caused delay, the list was produced

on October 16, 1970, and any delay that may have occurred terminated at that point. On that date the court on its own motion moved to cancel the established jury trial allotment and re-allotted the cause for November 16, 1970. The record is then strangely silent until December 11, 1970. when the State moved to allot the cause for trial on February 16, 1971. On February 22, 1971, a motion was made to again cancel the alloted trial and re-allot for trial on April 19, 1971. The record does not indicate by whom this latter motion was made. Therefore, the delay from October 16, 1970, to May 4, 1971, a period clearly exceeding 160 days, is partly unexplained by *anything* appearing in the record, and there is *nothing* in the record that would attribute any of this delay to defendant.

This is not to say that defendant is completely blameless for this travesty of justice. Various other motions to dismiss for want of prosecution and for failure to provide a speedy trial did cause delay. The same can be said of the appointment of a psychiatrist to ascertain defendant's sanity. Two motions by defendant to withdraw attorneys further complicated this situation. However, all these delays which are clearly attributable to defendant and substantiated by the record transpired on or *after* May 4, 1971, still leaving the October 16 to May 4 delay uninterrupted by any actions attributable to defendant.

The State has not offered to this court any authority for the proposition that where the record is silent the defendant has the burden of affirmatively proving that the delay was not occasioned by his own actions. On the basis of the record before us, the defendant was denied his right to a speedy trial.

For the reasons herein stated the judgment of the lower court is reversed.

Judgment reversed.

SMITH, P. J., and CRAVEN, J., concur.