THE PEOPLE. OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EDWARD RAY WILLIAMS, Defendant-Appellee.

(No. 74-62;

Third District—April 25, 1975.

LaMarr Evans, State's Attorney, of Oquawka, for the People.

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by the State from an order discharging defendant Edward Ray Williams under the terms of section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b), (d)), which mandates the discharge of a defendant if he is not tried by the court having jurisdiction within 160 days from the date defendant demands trial, unless the delay is occasioned by defendant. On appeal in this court, the People contend that the State did not violate defendant's right to a speedy trial within the 160-day rule, and assert that the delay was occasioned by defendant by actions which tolled the running of the statutory period referred to and continued the case indefinitely.

From the record, we have noted that appellee, on February 16, 1973, was charged with unlawful possession of cannabis and was released on bond the following day. On April 3, 1973, defense counsel sought discovery and made a written demand for a speedy trial. Defendant pleaded not guilty following his indictment and his trial was set for May 14, 1973. On April 22, 1973, the answers of the State to the defense discovery motion were due but none were filed. On May 3, 1973, defense counsel wrote a letter to the trial judge asking him to compel the State to answer the defense discovery motions, and expressed concern that defense counsel would be hampered in his defense but asserted that no delay should be charged against defendant and that the State should move forward with prosecution. On May 4, 1973, 10 days before the May 14, 1973, trial, the State filed answers to the defense discovery motions.

There is nothing in the record to show that either the prosecution or the defense made a motion for a continuance or to delay the trial. The only item shown of record was that the trial was rescheduled on December 17, 1973, for January 9, 1974, dates well beyond the 160-day time limit. No reasons are shown of record for the continuance from the May 14, 1973, docket setting for trial. On December 28, 1973, defense filed a petition for discharge alleging that defendant had not been brought to trial within 160 days of his demand for a speedy trial as required by the Illinois statutes. Following the hearing on January 9, 1974, the trial court granted the petition and directed the discharge of defendant.

It is provided in the applicable statute (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b), (d)) as follows:

> "(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2

of this Act, for a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal.

* * *

(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

It is obvious from the record, that defendant was not brought to trial within 160 days from the date of the filing of the demand for a speedy trial by defense counsel. The State, however, asserts that the period was tolled because defendant "occasioned a delay" by acquiescing in the indefinite continuance of the trial of the case. There is nothing of record to show a foundation for such claim. It is clear that a court of review must determine the issues before it solely on the basis of the record made in the trial court (*People v. Jackson*, 28 Ill.2d 37, 190 N.E.2d 823). It is also obvious that a defendant could not be said to have "occasioned a delay" in the disposition of his case unless his acts caused or contributed to that delay. (*People v. Fosdick*, 36 Ill.2d 524, 224 N.E.2d 242.) There is no evidence of any acts attributable to defendant in the cause before us which could have contributed to the delay. No presumption can be raised from the silence of the record on this issue. *People v. Yates*, 17 Ill.App.3d 765, 308 N.E.2d 679.

The State bases its case upon the letter from defense counsel to the trial judge in which defense counsel sought enforcement of the time limit within which the State was to answer the defense discovery motion, to which we have referred. The State asserts that this letter caused defendant's case to be removed from the May 1973 trial calendar and to be continued indefinitely. There is no support in the record for this assertion. A reading of the letter indicates that the attorney's concern was that he be given adequate information to prepare for the May 14 trial, and there was nothing to indicate that he sought any delay in the proceedings. It is apparent that it would be improper to consider the contents of the May 3 letter since it was not part of the record. We must conclude that the record is silent as to the reason for the trial delay, and that, even if the May 3 letter was considered, there is nothing there to indicate any action causing delay on the part of defendant or his counsel.

A contention is made that silent acceptance by defense counsel of a delay beyond the May 14 docket, with knowledge that the Henderson County Court procedure allowed for only two felony dockets (with jury

trials), which were 6 months from one another, would indicate that a trial which could not be held during May would be required to be carried over until the next January (a date well beyond the 160-day period required by statute). We find no basis in the record, or otherwise, to hold defendant accountable for administrative rules of Henderson County. To avoid the discharge, the court could have set the case well within the requisite time, as the trial was set originally, for the 41st day subsequent to defendant's demand. The court could then have required that the parties proceed or file an appropriate motion for continuance and specify in the record the action taken by the court.

■■ On the basis of the record, therefore, we must conclude that the act of the trial court in ordering the discharge of defendant was proper and consistent with the record and the statutory provisions relating to the 160-day rule.

For the reasons stated, the order of the Circuit Court of Henderson County will, therefore, be affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.