THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, ·v.
PAUL JORDAN, Defendant-Appellant.

Fourth District   Nos. 13106, 13107 cons.

Opinion filed December 2, 1976.

Roger B. Gomien, of Dwight, for appellant.

Richard W. Leiken, State's Attorney, of Eureka (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Paul Jordan, was convicted by a jury of rape and battery. On appeal he raises two issues: (1) whether his right to a speedy trial under section 103—5 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) was violated, and (2) whether he was proven guilty of the charges beyond a reasonable doubt.

On June 11, 1974, a rape was reported to the Woodford County Sheriff's office and the victim identified Paul Jordan as her assailant. That same day defendant was arrested on an outstanding disorderly conduct

warrant and charged with battery against Connie White, a battery which arose from the same incident as the rape. A charge of rape was filed on June 11, 1974. The trial court appointed counsel on June 18, 1974, and a preliminary hearing was set for July 16, 1974. That hearing was not held but was continued to July 25, 1974. On July 18, 1974, defendant's court appointed counsel withdrew. Privately retained counsel filed an appearance on July 25 and conducted the preliminary hearing. On October 9, 1974, the 120th day of his incarceration, defendant was released on a personal recognizance bond with the approval of a circuit court judge. Defendant's trial commenced October 29, 1974.

Prior to the beginning of trial defendant filed a motion to dismiss the charges because of the failure to try the cause within 120 days of defendant's arrest and incarceration.

Defendant contends that he caused no delay and that his release on the 120th day was an attempt to evade the provisions of the statute which should not be sanctioned.

The State argues that the rescheduling of the preliminary hearing was delay occasioned by defendant. Because we agree with this position, we do not reach the questions posed by defendant's release on personal recognizance bond on the 120th day of his incarceration.

■■ The statute (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) provides that defendant must be tried within 120 days of the time he was taken into custody, unless he occasions delay. This is a substantial and important right, and, although defendant has the burden of showing that delay was not caused by him (*People v. Emblen* (1935), 362 Ill. 142, 199 N.E. 281; *People v. Nettles* (1969), 107 Ill. App. 2d 143, 246 N.E.2d 29), such delay will not be presumed from a silent record. *People v. Yates* (1974), 17 Ill. App. 3d 765, 308 N.E.2d 679.

In *People v. Gooding* (1975), 61 Ill. 2d 298, 301, 335 N.E.2d 769, 771, the Supreme Court stated:

"Thus, any continuance which is allowed during the 120-day statutory period constitutes a delay. When it is clear that the continuance is granted at the request of the defendant, then it is a delay occasioned by the defendant' within the meaning of the statute, and a new statutory period commences to run from the date to which the continuance is granted. If it is not clear that the continuance is attributable to the defendant, the court will inquire into the circumstances surrounding the granting of the continuance to ascertain if the delay has been occasioned by the defendant."

This court entered an order remanding the cause to the circuit court for the purpose of holding a hearing to determine if the continuance of the preliminary hearing was delay occasioned by the defendant. The State's Attorney, defendant's appointed counsel and his retained counsel

testified. All recall that they became aware that defendant intended to retain private counsel a week or two prior to July 16. The State's Attorney and court-appointed counsel recall phone calls among the three lawyers regarding the preliminary hearing and a continuance due to retained counsel's inability to appear on July 16. None of the witnesses could remember exactly who requested the continuance. The State's Attorney testified that it was his policy to afford privately retained counsel the opportunity to conduct the preliminary hearing. The clerk of the court specifically recalled being told, by retained counsel prior to July 16, that he could not make it that day and the preliminary hearing would have to be put off.

■■ The trial court found that the postponement of the preliminary hearing was delay attributable to defendant. This finding is to be upheld unless it is clearly shown to be an abuse of discretion. (*People v. Thomas* (1975), 25 Ill. App. 3d 88, 322 N.E.2d 597.) In this case the finding is supported by the record. Since the 120-day period began anew on July 25, 1974, and defendant was tried within 120 days of that date, it was not error for the trial court to deny defendant's motion to dismiss.

Defendant also contends that he was not proven guilty of the offenses charged beyond a reasonable doubt.

The complaining witness, defendant's sister-in-law, testified as follows: She awoke around 1:30 a.m., on June 11, 1974, when defendant placed his hand over her mouth. The witness, Connie White, was sleeping in a bed with her six-year-old daughter. Also in the room were her two-year-old son and a 14-year-old nephew. Defendant said, "You make one sound and you've had it." The nephew got up and was struck by defendant. As the witness went to the aid of her nephew, defendant hit her in the mouth, cutting her lip and loosening some teeth. Defendant ripped her nightgown off. Mrs. White tried to push defendant away but could not. There was a struggle but defendant pinned her arms above her head, lowered his trousers, forced her legs apart, and committed the act of intercourse. Defendant then left without saying more. Mrs. White then called a neighbor, telling him that she had been raped. The neighbor corroborated this. The ripped nightgown and a blood-spotted pillowcase were admitted into evidence. Mrs. White testified that she was scared and that she was six months pregnant at the time of the incident. The nephew corroborated much of Mrs. White's testimony.

Defendant testified that he had had intercourse with Mrs. White prior to the night in question and that the intercourse that night was consensual. He testified that Mrs. White removed her nightgown voluntarily and did not protest at any time. Defendant argues on appeal that Mrs. White's story is incredible and that more likely, she cried rape because defendant was discovered by the nephew.

■■ The testimony presented a clear question of the credibility of the witnesses and credibility is a question of fact for the jury. Because the evidence given was conflicting does not justify a reversal of the jury's verdict. (*People v. Springs* (1972), 51 Ill. 2d 418, 283 N.E.2d 225.) Considering that the complaining witness testified that defendant spoke threatening words, hit her in the mouth and that she was six months pregnant at the time, we do not find that the testimony gives rise to a reasonable doubt that the rape was committed against the will of the witness.

Defendant also contends that he was not proven guilty of battery beyond a reasonable doubt. Mrs. White testified that defendant hit her, cutting her lip and loosening some teeth. The neighbor testified that, when he arrived, Mrs. White's lip was swollen. Although defendant denied the act, the question is obviously one of credibility for the trier of fact. *People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182.

Accordingly, the judgment of the circuit court of Woodford County is affirmed.

Affirmed.

CRAVEN, P. J., and GREEN, J., concur.