THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOSEPH CUNNINGHAM, Defendant-Appellee.

Second District   No. 78-569

Opinion filed November 13, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (John T. Elsner, Robert L. Thompson and Edmund P. Bart, Assistant State's Attorneys, of counsel), for the People.

William J. Scott, Jr., of Mirabella & Kincaid, of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The State appeals from an order discharging the defendant, Joseph E. Cunningham, on a complaint of aggravated battery, pursuant to his motion under the speedy-trial provision of the Illinois Code of Criminal Procedure. In issue is whether defense counsel's silence when the date was set by the court beyond the applicable 160-day term amounts to an agreement and waiver of defendant's right to a speedy trial.

The statute as applicable, in substance, provides that a defendant on bail shall be tried within 160 days from the date he demands trial unless the delay "is occasioned by the defendant"; and any delay so occasioned will "temporarily suspend for the time of the delay the period * * *." Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b), (f).

It is agreed that the defendant is charged with occasioning a 14-day delay by his motion for a continuance prior to his plea, and a 6-day delay when he failed to appear for arraignment. The State has also claimed that a failure to answer the State's discovery motion should also be considered as delay attributable to defendant. However, it appears that the defense

would not have had to file discovery until after the period had run, if it is found to have run, and we agree with the trial court's finding that this was not a delay occasioned by the defendant. The trial was not set until well over 200 days from the defendant's arrest. Unless a further delay occasioned by the defendant is shown the defendant was properly discharged.

It appears that the 160-day term would therefore have expired on June 5, 1978. On May 18, 1978, however, the parties were before the court and the following colloquy took place:

"THE COURT: Is there any problem with speedy trial demand?

MR. BART [Ass't State's Attorney]: There is, Judge.

MR. SCOTT [defense counsel]: There is, Judge.

MR. BART: Judge, I think—

THE COURT: What's the speedy trial date?

MR. BART: I'm not certain. The Defendant's had a number of continuances in his case.

I think the speedy trial—my last calculation was about the 4th or the 5th of the week, about the 5th or so, of July. That was my last calculation. Of course, that week is a non-jury week.

THE COURT: Let's set a trial date within the 160 days so we don't run into problems.

MR. SCOTT: Can I get my book please?

THE COURT: What?

MR. SCOTT: Can I get my book, please.

THE COURT: So, we have to set it the week before that, the week of June 26th.

Set it for June 26th. Everybody note the trial date, and—

MR. SCOTT: I think it would take us about two days to try it, Judge. I don't think it's going to be terribly complicated."

It thus appears that the trial date was suggested by the court and not objected to by defense counsel. It would therefore appear that defendant neither affirmatively agreed to the setting of the trial date nor was shown to have been unprepared to try the case earlier.

■■ ■ In considering whether "delay is occasioned by the defendant" courts will examine the facts "to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him." (*People v. Fosdick* (1967), 36 Ill. 2d 524, 529.) It has also been held that where a defendant requests or agrees to a continuance he is charged with occasioning delay. (See *People v. Gooding* (1975), 61 Ill. 2d 298, 301.) The defendant bears the burden of proof on his motion for discharge. (*People v. Beyah* (1977), 67 Ill. 2d 423, 427.) However, it has been held that the delay cannot be attributed to a defendant when the record is silent.

(*People v. Jordan* (1976), 44 Ill. App. 3d 101, 102.) The decision of the trial court that the delay should or should not be attributable to the defendant is to be upheld unless it is clearly shown to be an abuse of discretion. *People v. Jordan* (1976), 44 Ill. App. 3d 101, 103. See also *People v. Thomas* (1975), 25 Ill. App. 3d 88, 91.

■■ Essentially, the rule to be gleaned from the Illinois cases which have interpreted the Illinois speedy-trial provision is that a defendant will be held to have waived his right to a speedy trial where by his affirmative act he has contributed to actual delay of the trial or where there has been an express agreement to the continuance on the record. In *People v. Nunnery* (1973), 54 Ill. 2d 372, the defendant was arraigned 115 days after his arrest; the defense counsel was appointed at arraignment, and the trial date was set beyond the period after the State had stated there were six weeks left in the period. In holding that the defendant was entitled to a discharge the Illinois Supreme Court first noted that the record contained no explanation of why defendant's arraignment and the appointment of counsel were delayed until he had been incarcerated for 115 days (54 Ill. 2d 372, 376) and made note of the fact that it was the State's Attorney who erroneously advised the court that the statutory period would not run for six more weeks, with nothing in the record to indicate that defense counsel knew differently (54 Ill. 2d 372, 377). In *People v. Williams* (1975), 27 Ill. App. 3d 778, 780, the State asserted the claim, as here, that the period was tolled because the defendant acquiesced in the indefinite continuance of the case. However, the court found nothing in the record to show any acts of the defendant which would support the claim and noted that no presumption of an agreement could be based on a silent record.

■■ The State's argument that the defense attorney had a duty to notify the court of the possible running of the statute is not persuasive under the circumstances. Under the Illinois statute the State has the duty to bring the defendant to trial within the statutory period. (*People v. Beyah* (1977), 67 Ill. 2d 423, 427.) It is clear that defense counsel answered the judge's question whether there was a problem with the speedy trial statute affirmatively, as did the State. The most that can be said from the record is that the State miscalculated the date and that defense counsel, without any evidence of fraud or subterfuge, failed to correct the mistake. The State's argument in this regard would impose a greater duty on a defense counsel than upon the State, for the defense attorney would be bound to precisely figure the date of the running of the period or face the possible estoppel, while the State could always rely upon the duty of the defendant to calculate properly. Moreover, there is nothing in the record to indicate that the defense attorney knew that the period had run. In *People v. Uryasz* (1975), 32 Ill. App. 3d 825, 827, the court refused to

attribute delay to the defendant despite his agreement to a date for a preliminary hearing, noting that the date was set by the court and defense counsel "merely agreed to the date and did not seek a delay in holding the preliminary hearing." See also *People v. Moore* (1975), 26 Ill. App. 3d 282, 283.

The cases cited by the State for its position that the defendant acquiesced in setting the trial date beyond the 160-day limit do not support its position. In *People v. Walker* (1977), 45 Ill. App. 3d 627, 633, the court found that the defendant through counsel had affirmatively agreed to the setting of the date beyond the period. *People v. Whittenburg* (1969), 111 Ill. App. 2d 484; *People v. Criss* (1977), 45 Ill. App. 3d 973; and *People v. Rogers* (1966), 70 Ill. App. 2d 474, are all cases in which the defense attorney specifically agreed to a continuance. In other cases cited by the State there was evidence that defense counsel was not ready at an earlier date, whereas here there was no such evidence.

On the totality of this record we conclude that the trial court properly granted the motion for a discharge and the judgment is affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.