THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ALAN C. CICHANSKI, Defendant-Appellee.

Second District   No. 79-233

Opinion filed March 11, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

John W. Werner, of Oak Brook, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Alan C. Cichanski, was charged with four traffic offenses, including driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501) and disobeying a red light (Ill. Rev. Stat. 1977, ch. 95½, par. 11—306). Defendant was discharged on these two counts because the State failed to bring him to trial within 160 days of his demand as is required by statute. (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b).) The State appeals that judgment, asserting any delay in the prosecution of these charges was attributable to defendant. We affirm the ruling of the trial court.

The chronology of relevant events is as follows:

| June 10, 1978 | - defendant charged with three offenses |
| July 27, 1978 | - speedy trial demand filed; trial set for August 4 |
| August 4, 1978 | - trial set for November 14 |
| November 6, 1978 | - a fourth charge consolidated with original three; continued to November 14 |
| November 13, 1978 | - defendant filed motions for hearing on November 14 |
| November 14, 1978 | - all defense motions denied; trial reset to December 12 due to lack of available jurors |
| November 28, 1978 | - defendant filed renewed motions and motions for list of witnesses, production of confession; for hearing on November 30 |
| November 30, 1978 | - discovery granted; hearing set December 8 on motion to suppress evidence; defense counsel advised of this by State's Attorney by telephone |
| December 8, 1978 | - defense counsel did not appear due to scheduling conflict; hearing continued to December 12 |
| December 12, 1978 | - motion to suppress denied after hearing; trial set for March 7, 1979 |
| February 28, 1979 | - motion to dismiss two charges filed. |

Absent actual delay of trial attributable to defendant (*People v. Nunnery* (1973), 54 Ill. 2d 372, 297 N.E.2d 129), January 3, 1979, was the last day of the 160-day term which commenced with his demand on July 27 for a speedy trial.

The record before us does not demonstrate delay attributable to defendant through November 30, 1978. He filed numerous motions on November 13, the day before the originally scheduled trial date, but these were all disposed of by the trial court on November 14; the parties were then prepared to proceed with trial on that date but a delay from November 14 until December 12 was necessitated by a lack of available jurors, not by the hearing of defendant's motions.

Defendant then filed further motions on November 28, for hearing on November 30. On the latter date the trial court granted his discovery motions and set December 8 for a hearing of his motion to suppress, while ordering that the December 12 date remain firm for the jury trial. Defendant's filing of motions therefore caused no actual delay of trial.

We turn our attention then to December 8, 1978, when defendant's attorney failed to appear for hearing of his motion to suppress evidence. Defendant's attorney had been advised by telephone on November 30 that the hearing was set for December 8, but he failed to appear because on that day he was involved in other court proceedings relating to a different case. Where a delay in trial is occasioned because the accused's counsel is engaged elsewhere, the delay is properly charged to the accused. (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840.) Any delay of trial which may have been caused by defense counsel's failure to appear for the December 8 hearing would, therefore, be charged to defendant.

The record of proceedings on December 12 discloses that upon conclusion of the hearing defendant's suppression motion was denied and the following colloquy occurred between court and counsel:

"THE COURT: * * * How does your calendar look for Wednesday, March 7th for trail [*sic*], sir? That's a Wednesday.

MR. WERNER [Defense Counsel]: I'm sorry your Honor.

THE COURT: That's a Wednesday. Is Wednesday, March 7th satisfactory?

MR. WERNER: I don't have a next year's calendar but to my recollection that is satisfactory.

THE COURT: Okay. Fine. We'll set the matter on all these cases at that time. That's 9:30 in courtroom 206."

The record does not disclose why the trial did not proceed as scheduled on December 12 following the hearing of the motion to suppress evidence. Conjecture might suggest that the delay necessary to

hear defendant's motion left insufficient time to commence trial on that day; if so, it would be attributable to defendant whose attorney had caused the postponement of the December 8 hearing by failing to appear. It is also possible that by agreement of the State and defendant they chose not to proceed with the trial at that time. The record, however, is silent as to these matters and we may not so speculate.

The record does establish, however, that the trial court suggested March 7 as the next trial date and when defendant's attorney said he believed it would be satisfactory the court set the cases for that time, well beyond the 160-day term.

In considering whether delay of trial has been "occasioned by the defendant" so as to suspend the running of the speedy trial term, this court recently stated in *People v. Cunningham* (1979), 77 Ill. App. 3d 949, 952, 396 N.E.2d 876, 878:

> "[A] defendant will be held to have waived his right to a speedy trial where by his affirmative act he has contributed to actual delay of the trial or where there has been an express agreement to the continuance on the record."

In *Cunningham* the trial court mistakenly suggested and then set a trial date beyond term which was not objected to by defendant's counsel. We declined to charge trial delay to defendant finding that mere silence on his part did not amount to an agreement or to a waiver of his right to a speedy trial. Similarly, in *People v. Uryasz* (1975), 32 Ill. App. 3d 825, 827, 336 N.E.2d 813, 814, the court refused to attribute delay to a defendant where he had merely agreed to a date set by the court for a preliminary hearing.

In the present case defendant's counsel agreed to a date for trial suggested by the court. The record tells us nothing further; it may not be fairly said to show that defendant sought, and contributed to, delay of trial by either an affirmative act or an express agreement that the trial be continued. Under these circumstances, defendant may not be charged with trial delay dating from December 12, 1978. See *People v. House* (1957), 10 Ill. 2d 556, 141 N.E.2d 12; *People v. Wyatt* (1962), 24 Ill. 2d 151, 180 N.E.2d 478.

We believe this decision to be consistent with the rule of liberal construction applicable under section 103—5, and with the principle that the State, not the defendant, bears the burden of bringing a defendant to trial within the statutory term. See *People v. Beyah* (1977), 67 Ill. 2d 423, 367 N.E.2d 1334.

For these reasons the judgment of the Circuit Court of Du Page County will be affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.