THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DAVID B. REIMOLDS, Defendant-Appellee.

Third District    No. 80-296

Opinion filed September 30, 1981.

BARRY, J., dissenting.

Warren T. McNeil, State's Attorney, of Monmouth (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Craig E. Collins, of Barash, Stoerzbach & Henson, of Galesburg, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The State appeals from an order of the Circuit Court of Warren County granting the defendant David Reimolds' motion to dismiss for failure to bring him to trial within 160 days of his demand for a speedy trial. (Ill. Rev. Stat. 1979, ch. 38, pars. 103—5(b) and 114—1(a)(1).) The State contends that the running of the 160-day period had been tolled by delays occasioned by the defendant.

On November 11, 1979, an information was filed, charging the

defendant with armed robbery. Bond was set and posted. On November 21, 1979, demand for speedy trial was made. On November 29, a preliminary hearing was held, probable cause was found, and defendant entered a plea of not guilty, demanding a jury trial. On December 20, a pretrial conference was held, pretrial discovery order signed, and the cause placed on both the February pretrial conference calendar and the February jury calendar. On February 6, 1980, a pretrial conference was held, and the cause was placed on the April pretrial calendar. The State then indicated its intention of filing a motion to join related prosecutions and such motion was filed on March 20. On April 2, 1980, the following entry was made on the circuit court records:

> "Asst. State's Attorney present and Defendant's Attorney present for pre-trial conference pursuant to notice. Following conference, by direction of Court, cause ordered to be palced [*sic*] upon the May, 1980, Jury Calendar."

On April 15, 1980, the defendant filed a response to the State's motion to join related prosecutions, and a hearing was held on the issue on April 17. The defendant argued, *inter alia*, that "[j]oining this cause with others for trial may result in delay, not only in actual trial itself, but also in the commencement of the trial." The State's motion to join related prosecutions was granted. On May 19, 1980, the defendant filed a motion to dismiss, along with an accompanying affidavit, maintaining that 160 days has passed since the defendant entered his demand for trial, that he has at all times been ready for trial, and that he has never requested or agreed to a continuance of this cause. On May 19, 1980, a hearing was held, before a different judge, on the motion to dismiss. Only arguments of counsel were heard at that proceeding. On June 11, an order of dismissal was entered in the circuit court based upon the defendant's speedy trial motion. The 160-day period subsequent to the November 21 trial demand expired on April 29, 1980.

The State contends on appeal that the 160 days had not lapsed, because the period had been tolled by delays occasioned by the defendant. (See Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b), (f).) The State argues that three such delays had, or may have, occurred.

■■■ "[A] defendant will be held to have waived his right to a speedy trial where by his affirmative act he has contributed to actual delay of the trial or where there has been an express agreement to the continuance on the record." (*People v. Cunningham* (1979), 77 Ill. App. 3d 949, 952, 396 N.E.2d 876.) Where a continuance has been requested or agreed to by the defendant, no actual delay in the trial need occur in order to toll the statutory period. *People v. Gooding* (1975), 61 Ill. 2d 298, 335 N.E.2d 769.

The State contends that the defendant first occasioned delay when, on December 20, 1979, at a pretrial conference, the cause was set for

further pretrial in February. The State contends that the defendant again occasioned delay when, at the February 6, 1980, pretrial conference, the cause was set for further pretrial in April. The State contends that the defendant also occasioned delay when he and his counsel sat silently at the April 2 pretrial, while the court set trial for the May jury calendar, a time beyond the running of the 160-day period.

The mere setting of dates for pretrial, on the court's own motion, is not a delay attributable to the defendant. If, however, motions for continuance (including a motion by the court), are either made or affirmatively agreed to by the defendant, the rescheduling may be considered a delay "occasioned by the defendant." (See *People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 638, 410 N.E.2d 677.) No verbatim transcripts of the pretrial conferences were made and no bystander's reports were prepared. The only record of these conferences is the court's record sheet, which is silent as to whether there were any motions made, by either of the parties or by the court, to continue the cause.

The State contends that, because plea negotiation was ongoing throughout the course of these proceedings, the statutory period was tolled. We cannot agree that the mere entrance into plea negotiation, a practice to be encouraged, tolls the statutory period. However, it has been held that actual delay resulting from the defendant's activity in plea negotiation will toll the statutory period (*People v. Ruple* (1980), 82 Ill. App. 3d 781, 403 N.E.2d 129), as will any continuances asked for or agreed to by the defendant for the purpose of plea negotiation (*People v. Santa* (1976), 36 Ill. App. 3d 289, 343 N.E.2d 512).

The State further contends that the silence of defendant's counsel on April 2, while the court set trial for May, *i.e.*, beyond the 160 days, should be viewed as acquiescence in the scheduling and, therefore, a delay occasioned by the defendant. The only record of the April 2 proceeding, the court's record sheet, quoted above, is ambiguous as to whether or not the trial date was set in the presence of defense counsel.

It has recently been held that "mere silence on [defendant's] part did not amount to an agreement or to a waiver of his right to a speedy trial" when the court set trial for a date beyond the statutory period. (*People v. Cichanski* (1980), 81 Ill. App. 3d 619, 622, 401 N.E.2d 1315; *People v. Cunningham* (1979), 77 Ill. App. 3d 949, 396 N.E.2d 876.) As such silence does not constitute an agreement by the defendant when the court sets trial for a date beyond the statutory period, it follows that silence does not constitute an agreement by defendant when the cause is continued, on the court's own motion, to a date within the statutory period. See *People v. House* (1957), 10 Ill. 2d 556, 559-60, 141 N.E.2d 12, wherein continuances on the court's own motion were held not attributable to the defendant, even after counsel had been appointed.

■■ The record does not show any affirmative act by defendant which contributed to the actual delay of the trial. Nor does the record show any motion for continuance by the defendant or any express agreement to a continuance granted on motion of either the State or the court. No presumption can be raised from the silence of the record on this issue. (*People v. Williams* (1975), 27 Ill. App. 3d 778, 780, 327 N.E.2d 69.) However, if "it is not clear that a delay is attributable to the defendant, the court will inquire into the circumstances surrounding the granting of the continuance to ascertain if the delay was occasioned by the defendant." (*People v. Beyah* (1977), 67 Ill. 2d 423, 427, 367 N.E.2d 1334; *People v. Gooding* (1975), 61 Ill. 2d 298, 301, 335 N.E.2d 769.) "When an issue of fact is presented by a motion to dismiss and the answer of the State the court shall conduct a hearing and determine the issues." (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(d).) The affidavit of defendant's attorney in support of defendant's motion to dismiss, and the argument of the Assistant State's Attorney at the hearing on defendant's motion to dismiss, raise questions of fact which cannot be resolved by the record now before the court. Therefore, the record should be supplemented by a hearing to determine the actual events at the disputed proceedings. Accordingly, the judgment is reversed and the cause remanded to the Circuit Court of Warren County for an evidentiary hearing. Following such hearing, and based upon the complete record as supplemented thereby, the court shall rule on the defendant's motion to dismiss.

Reversed and remanded.

HEIPLE, J., concurs.

Mr. JUSTICE BARRY, dissenting:
I disagree with the majority's decision reversing the trial court's order dismissing defendant Reimold's armed robbery charge and remanding this cause for a hearing to determine whether any pretrial delay was attributable to the defendant.

The majority writes: "The record does not show any affirmative act by defendant which contributed to the actual delay of the trial. Nor does the record show any motion for continuance by the defendant or any express agreement to a continuance granted on motion of either the State or the court." (*People v. Reimolds* (1981), 100 Ill. App. 3d 598, 601.) With this observation I concur. However, I do not believe the record's silence as to whom the pretrial delays in this case are attributable warrants a remandment for an evidentiary hearing on this subject. On a motion to dismiss criminal charges in the trial court due to a violation of the 160-day speedy-trial rule (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b)), the burden is

upon defendant to show that he is not responsible for any pretrial delay. (*People v. Cunningham* (1979), 77 Ill. App. 3d 949, 396 N.E.2d 876; *People v. Wilkins* (1979), 77 Ill. App. 3d 179, 395 N.E.2d 1036.) According to the trial court, the defendant met this burden. In addition, where the record is silent a presumption arises that the delay is not attributable to the defendant (*People v. Yates* (1974), 17 Ill. App. 3d 765, 308 N.E.2d 679; see *People v. Cichanski* (1980), 81 Ill. App. 3d 619, 401 N.E.2d 1315). A complete reading of the motion to dismiss indicates the State was given every opportunity to rebut this presumption at the hearing on defendant's motion to dismiss the charges, but failed to do so. In fact, the State's only argument of note at that hearing, which was presented at the completion of the State's argument, was that an additional evidentiary hearing should be held to determine what was in the mind of the judge that heard the earlier aspects of the case. I do not see the justification in presenting the State with yet another opportunity to refute defendant's contentions. Put succinctly, the State had its chance to present such evidence. It received adequate notice of the hearing and was given sufficient time to respond to defendant's allegations. A ruling in the State's favor opens the door to unnecessary hearings, wastes judicial talent and the time and effort of judicial system personnel, and adds further costs, in this case as well as future cases.

On the basis of the record before us, I cannot find that the trial court abused its discretion in finding no pretrial delay attributable to defendant Reimolds (*People v. Arch* (1975), 33 Ill. App. 3d 331, 337 N.E.2d 221). Therefore, I would affirm.