(No. 55764.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DAVID B. REIMOLDS, Appellant.

*Opinion filed September 17, 1982.*

Craig Collins, of Barash, Stoerzbach & Henson, of Galesburg, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield, and Warren T. McNeill, State's Attorney, of Monmouth (Michael B. Weinstein and Val Gunnarsson, Assistant Attorneys General, of counsel), for the People.

CHIEF JUSTICE RYAN delivered the opinion of the court:

This case involves the dismissal of the charge against a defendant for failure to bring the defendant to trial within 160 days as required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, pars. 103—5(b), 114—1(a)(1)).

Section 103—5(b) of the statute provides:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial *unless delay is occasioned by the defendant* \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b).)

The statutory remedy for failure to comply with this requirement is dismissal (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(1)), and the Code of Criminal Procedure provides for a hearing when an issue of fact is presented by the motion to dismiss and the answer of the State. Ill. Rev. Stat. 1979, ch. 38, par. 114—1(d).

In the instant case, defendant, David B. Reimolds, was charged by information with armed robbery in the circuit court of Warren County on November 13, 1979. (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a).) On November 21, 1979, defendant filed a demand for a speedy trial. On February 6, 1980, a pretrial conference was held at which the State indicated an intention to file a motion to consolidate the instant case with the cases of two other defendants. The court directed that the motion be filed by February 15, 1980. However, the State's motion to join related prosecutions was not filed until March 20, 1980.

On April 15, 1980, defendant Reimolds filed an objection to the proposed joinder of other defendants on the ground, *inter alia,* that "[j]oining this cause with others for trial may result in delay, not only in actual trial itself, but also in the commencement of the trial." The motion to join related prosecutions was, however, allowed.

On May 19, 1980, defendant Reimolds filed a motion to

dismiss on the ground that he had not been brought to trial within 160 days. The motion was accompanied by an affidavit of defendant Reimolds' attorney stating that "[a]t no time since the commencement of [this] cause has the defendant in person or by myself asked for or agreed to a continuance in this cause." A hearing on the motion was held on that day.

On May 21, 1980, the trial court granted the motion to dismiss and in a memorandum opinion concluded:

> "In a nutshell, he [defendant Reimolds] demanded a speedy trial, he took no action to delay his trial apparent on the record, he reiterated his concern for a speedy trial with approximately two weeks to run under the 160 day rule, and he did not receive one.
>
> The Motion to Dismiss is accordingly granted."

The State appealed the dismissal, and the appellate court, one justice dissenting, reversed and remanded for an evidentiary hearing to supplement the record. (100 Ill. App. 3d 598.) While noting that the record did not reflect any delay attributable to the defendant, the court nonetheless concluded that a question of fact which could not be resolved by the record had been raised by the attorney's affidavit in support of the motion to dismiss and by the oral argument of the assistant State's Attorney.

On appeal to this court, defendant argues that the hearing held on the motion to dismiss provided the State with an adequate opportunity to refute defendant's speedy trial contentions and that remandment for an additional hearing amounts to an unnecessary expenditure of judicial time, talent and energy. In reply, the State argues that, although not reflected in the record, defendant agreed to continue the proceedings. Therefore, according to the State, it is necessary and proper to remand the cause for a supplementary hearing. The sole issue we are asked to decide, then, is whether a remandment for a supplementary hearing is proper where the record does not reflect delay attributable to the defendant and where there has already

been a hearing on the motion to dismiss.

Initially, we note that section 103—5 of the Code of Criminal Procedure of 1963 implements the right to a speedy trial guaranteed by the Illinois Constitution. (*People v. Morris* (1954), 3 Ill. 2d 437.) Therefore, the statute is to be construed liberally, and each case is to be decided on its own facts. *People v. Beyah* (1977), 67 Ill. 2d 423, 427; *People v. Fosdick* (1967), 36 Ill. 2d 524, 528.

Under section 103—5, it is the duty of the State to bring a defendant to trial within the statutory period. (*People v. Beyah* (1977), 67 Ill. 2d 423, 427; *People v. Bryarly* (1961), 23 Ill. 2d 313, 319.) However, on a motion to dismiss, the defendant has the burden of affirmatively establishing the violation of his right to a speedy trial (*People v. Jones* (1965), 33 Ill. 2d 357, 361, *cert. denied* (1966), 385 U.S. 854, 17 L. Ed. 2d 81, 87 S. Ct. 99), and where a delay is attributable to the defendant, the statutory period is tolled. *People v. Donalson* (1976), 64 Ill. 2d 536, 540; *People v. Gooding* (1975), 61 Ill. 2d 298, 301.

A delay is held to be occasioned by the defendant when the defendant's act in fact caused or contributed to the delay. (*People v. Donalson* (1976), 64 Ill. 2d 536, 541; *People v. Nunnery* (1973), 54 Ill. 2d 372, 376.) This affirmative act may be manifested as an express agreement to a continuance on the record. (*People v. Cunningham* (1979), 77 Ill. App. 3d 949, 952.) Delay will not, however, be presumed to be attributable to the defendant on the basis of a silent record. (*People v. Jordan* (1976), 44 Ill. App. 3d 101, 102; *People v. Yates* (1974), 17 Ill. App. 3d 765, 766.) Furthermore, mere silence on the part of the defendant or failure to object to the State's request for a delay does not amount to an agreement or waiver of the right to a speedy trial by the defendant. *People v. Cichanski* (1980), 81 Ill. App. 3d 619, 622; *People v. Burchfield* (1978), 62 Ill. App. 3d 754, 756.

A court of review must determine the issues before it

solely on the basis of the record made in the trial court. (*People v. Jackson* (1963), 28 Ill. 2d 37, 39; *People v. Williams* (1975), 27 Ill. App. 3d 778, 780.) In resolving whether a delay is attributable to the defendant, much deference must be given to the trial court's judgment, especially where it is difficult to discern from the record which party is primarily responsible for the problem. (*People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 1046, *cert. denied* (1980), 449 U.S. 951, 66 L. Ed. 2d 215, 101 S. Ct. 354.) The decision of the trial court as to accountability for delay in bringing the defendant to trial should be sustained, absent a clear showing of abuse of discretion. *People v. Wilkins* (1979), 77 Ill. App. 3d 179, 182.

In the instant case, the parties agree that the record does not show any affirmative act by the defendant which contributed to the actual delay of the trial, nor any motion for continuance by the defendant, nor any express agreement by the defendant to a continuance granted on the motion of either the State or the court. For any delay to be attributed to the defendant, therefore, it would be necessary for the State to present testimony of witnesses in support of its position that the statutory period had been tolled. This it did not do.

As indicated earlier, a hearing was, in fact, held on defendant's motion to dismiss. At the hearing the assistant State's Attorney argued:

> "I would submit that it would be incumbent at that time to ascertain what was in Judge Evans' mind, Judge Evans being the judge who pretried this case three times, when he made the docket entries. *** I also think it is incumbent to have the clerk of the court to testify."

The State presented no evidence and made no offer of proof; neither did it request a continuance in order to obtain a further opportunity to do so. Rather, at the conclusion of the hearing the assistant State's Attorney told the court: "I am satisfied with what I have presented, Your Honor."

Under these circumstances it is clear that the requirement of a hearing to resolve disputed issues on a motion to dismiss has been adequately met. To order another hearing at this point would only waste judicial resources and significantly dilute defendant's statutory protections and constitutional guarantees.

There must be certainty and finality in litigation; that is, there must be a point at which the issues have been decided and the determination is final. The parties involved in litigation must make their case at the appropriate time allowed in the trial court and must stand or fall on review on the record thus made. A party should not be permitted to perfunctorily try his case in the trial court and if the court, on review, finds the record insufficient, he should not be given another opportunity to supplement it.

Accordingly, the judgment of the appellate court remanding this cause for a supplementary hearing is reversed and the decision of the circuit court dismissing the charge against defendant is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*