THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRANDON A. BUFORD, Defendant-Appellee.

Second District   No. 2—06—0261

Opinion filed June 18, 2007.

370

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas A. Lilien and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

The State appeals the trial court's order dismissing charges against the defendant, Brandon A. Buford, on speedy trial grounds. 725 ILCS 5/103—5(b) (West 2004). We affirm.

## I. BACKGROUND

On July 4, 2005, defendant was charged by a nontraffic complaint with battery (720 ILCS 5/12—3(a)(1), (a)(2) (West 2004)) and criminal damage to property (720 ILCS 5/21—1(1)(a) (West 2004)). On July 25, he was charged by information with the same offenses. That same day, he appeared in court, pleaded not guilty, filed a speedy trial demand, and was released on his own recognizance. On August 30, 2005, the trial court scheduled a trial date of October 27, 2005.

According to the clerk's minute entry from October 27, 2005, defendant answered ready for trial. The minute entry also reflects that the trial court granted the State's request for a trial continuance over defendant's objection. The minute entry further indicates that the trial court scheduled a status date regarding discovery and that "defendant's presence waived on status date of 12/10/05." The record contains no written order from the October 27, 2005, proceedings before the trial court.

The next clerk's minute entry appearing in the record is dated December 9, 2005. This minute entry reflects that "defendant[']s presence waived on said date." The minute entry further indicates that the trial court set a trial date, although the particular date is not specified. The record contains no written order from the December 9, 2005, proceedings before the trial court.

The case was called for jury trial on February 7, 2006. According to the clerk's minute entry on this date, both defendant and the State answered ready for trial. The minute entry also reflects that defendant moved to dismiss the charges and that the trial court scheduled a hearing date on the motion and granted defendant leave to file a written motion within seven days. On February 10, 2006, defendant filed a written motion to dismiss the charges on speedy trial grounds. In the motion, defendant argued that he had not been brought to trial within 160 days from the date he made his speedy trial demand and that none of the delays in bringing the case to trial was attributable to him.

The trial court conducted a hearing on defendant's motion on February 10, 2006. The transcript of the proceedings of the hearing reflects that the State called Assistant State's Attorney Angela Syregelas to testify. Syregelas testified that she was responsible for preparing defendant's case for trial. Syregelas testified that defendant's case was set for trial on October 27, 2005. Prior to trial, Syregelas received from the police department a videotape that was broken. She tried to fix the tape, but discovered that she could not do so in time for trial. Syregelas testified that she moved to continue the trial so that she could get a new tape and tender a copy to defense counsel. She requested a date of November 10, 2005, for a status on the new videotape. Syregelas could not recall whether the trial court waived defendant's presence for any subsequent status date. When presented with a copy of the clerk's minute entry for October 27, 2005, Syregelas acknowledged that it indicated that defendant's presence was waived for a status on December 10, 2005. However, Syregelas testified that she did not "have an independent recollection of the judge actually saying that." Syregelas also noted that the minute entry "doesn't say anything being waived on November 10th, just December 10th which I believe is a Saturday."

Syregelas further testified that, on November 10, 2005, the attorneys appeared in court. Defendant was not present. Syregelas provided defendant's attorney with a working copy of the videotape. Syregelas testified that the trial court set another status for December 9, 2005. Syregelas testified that she did not ask for this status date and that she did not "recall defense counsel asking for another status date." Syregelas testified that she did not have an independent recollection of whether defendant's presence at the status on December 9, 2005, was waived.

During arguments on the motion to dismiss, defendant argued that he was not responsible for any of the delays in bringing the case to trial. Defendant argued that the case was originally removed from

the October 27, 2005, trial call on the State's motion to continue and that the State failed to have the trial timely rescheduled within the statutory speedy trial requirements. During its argument on the motion, the State conceded that the December 10, 2005, status date specified in the October 27, 2005, minute order was an error by the clerk and that the correct date for the status hearing was November 10, 2005. The State further conceded during argument that defendant's presence at the November 10, 2005, status had been waived. The State nonetheless asserted that, to preserve his speedy trial demand, defendant was under an obligation on November 10, 2005, to demand trial or the scheduling of a new trial date.

Following the arguments of counsel, the trial court granted the motion to dismiss. The trial court found that defendant answered ready for trial on October 27, 2005, and that delay caused by the motion to continue was attributable to the State. The trial court found that defendant was under no obligation to renew his demand for a speedy trial at the subsequent status hearings and that the State had the burden to make sure that the case was brought to trial within 160 days from the date that defendant filed his speedy trial demand. The trial court concluded that defendant was not brought to trial within 160 days and dismissed the charges. The State appeals.

## II. ANALYSIS

Relying in part on section 103—5(a) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/103—5(a) (West 2004)) pertaining to defendants in custody, the State contends that part of the delay in commencing trial was attributable to defendant. The State argues that defendant did not specifically reassert his right to a speedy trial after his initial request. Defendant responds that section 103—5(b) of the Code, rather than section 103—5(a), applies to this case because he was not being held in custody. Defendant argues that, under section 103—5(b), he was not required to renew his demand for trial. He further argues that the delay in bringing his case to trial cannot be attributed to him.

In Illinois, a defendant has both a constitutional and a statutory right to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8; 725 ILCS 5/103—5 et seq. (West 2004). Because the Code enforces the constitutional right to a speedy trial, its protections are liberally construed in favor of the defendant. People v. Ingram, 357 Ill. App. 3d 228, 229-30 (2005). The trial court's decision will be upheld on appeal absent an abuse of discretion. People v. Howard, 205 Ill. App. 3d 702, 709 (1990).

The speedy trial statute has separate subsections for defendants in

custody and for defendants free on bail or on their own recognizance. Section 103—5(b) pertains to defendants who are not in custody, which was the situation in the instant case. That section provides:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant \*\*\*. The defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection." 725 ILCS 5/103—5(b) (West 2004).

Applying section 103—5(b), courts have held that mere acquiescence to a date suggested by the trial court is not a delay attributable to the defendant. *People v. Wynn*, 296 Ill. App. 3d 1020, 1027 (1998). Further, courts have held that although the defendant carries the burden of proving a violation of section 103—5(b), where the record is silent or the defendant fails to object to a delay requested by the State, the delay cannot be attributed to the defendant. *Howard*, 205 Ill. App. 3d at 708; see *People v. Reimolds*, 92 Ill. 2d 101 (1982).

In section 103—5(a), pertaining to defendants in custody, the statute states: "Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103—5(a) (West 2004). This language was added in 1999 in response to precedent holding that only affirmative acts by the defendant that caused a delay would toll that section. See *People v. Cordell*, 223 Ill. 2d 380, 388-90 (2006) (describing the legislative amendments). Under this language added to section 103—5(a), a defendant being held in custody is required to affirmatively assert the right to trial. See, *e.g.*, *Ingram*, 357 Ill. App. 3d at 232-34. Agreement to a continuance is considered an affirmative act contributing to a delay, and a delay is considered agreed to unless the defendant makes a written demand for trial or an oral demand for trial on the record. See *People v. Peco*, 345 Ill. App. 3d 724, 731-32 (2004).

As the State acknowledges, the legislature did not add similar statutory language to section 103—5(b). The State nonetheless argues that the principles articulated in *Ingram* and *Peco* apply to section 103—5(b), even in the absence of such language in that section. The construction of a statute is a question of law that we review *de novo*. *Cordell*, 223 Ill. 2d at 389. A fundamental principle of statutory construction is that a court must give effect to the legislature's intent. *Cordell*, 223 Ill. 2d at 389. "The best indication of legislative intent is the statutory language, given its plain and ordinary meaning." *Cordell*, 223 Ill. 2d at 389. When the legislature amends a statute, but leaves unchanged portions that have been judicially construed, the

unchanged portions retain the construction given to them before the amendment. *People v. Agnew*, 105 Ill. 2d 275, 280 (1985).

Here, section 103—5(b) is at issue. The State essentially argues that, as a matter of policy, the language in section 103—5(a) should also apply to section 103—5(b). But the legislature did not change section 103—5(b). Accordingly, the previous holdings construing section 103—5(b) apply. The record in the instant case establishes that defendant initially made a written demand for trial and objected to the State's request for a continuance. Under these circumstances, the delay in bringing defendant to trial may not be attributed to defendant. See *Howard*, 205 Ill. App. 3d at 708-09.

The State next argues that the record is silent about whether defendant's appearance in court was waived for the November court date. Thus, the State argues that defendant failed to appear under section 103—5(b) and waived his speedy trial demand. However, based upon the language appearing in the minute entry from October 27, 2005, the trial court could have reasonably concluded that defendant's presence at the next status hearing had been waived. Further, in arguments to the trial court, the State conceded that defendant's presence at the November hearing had been waived. Thus, the trial court's determination that the delay was not attributable to defendant was not an abuse of discretion and we affirm its order dismissing the charges on the basis of a violation of defendant's right to a speedy trial. See *Howard*, 205 Ill. App. 3d at 708-09.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

GROMETER, P.J., and O'MALLEY, J., concur.