No. 2--07--0305     Filed:  6-9-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 06--CF--1301 |
| CHARLES M. SITKOWSKI, | ) ) ) | Honorable Perry R. Thompson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

The State appeals the trial court's order in which a charge against Charles M. Sitkowski was dismissed for violation of his speedy-trial right under section 3--8--10 of the Unified Code of Corrections (Unified Code) (the intrastate detainers statute) (730 ILCS 5/3--8--10 (West 2004)). The State argues that Sitkowski's speedy-trial demand was not effective after he was released from incarceration. We affirm.

I. BACKGROUND

On October 3, 2003, Sitkowski was arrested in Du Page County for driving while his license was revoked (625 ILCS 5/6--303(a) (West 2002)). Sitkowski failed to appear in court, a judgment was entered forfeiting his bond, and a bench warrant was issued. On December 16, 2004, Sitkowski was arrested under the warrant. He posted bond and then failed to appear for his March 14, 2005,

court date. Another judgment was entered forfeiting his bond, and another bench warrant was issued.

On June 3, 2005, Sitkowski was arrested in another county on a separate charge of driving while his license was revoked. For unknown reasons, he was not served with the Du Page County warrant. Sitkowski was convicted and sentenced to two years' incarceration in a Department of Corrections (DOC) facility. On October 14, 2005, while he was incarcerated, Sitkowski filed a speedy-trial demand in the present case, under the intrastate detainers statute. Although the speedy-trial demand does not appear in the record on appeal, the State does not dispute that a speedy-trial demand was mailed on October 14, 2005.

On December 2, 2005, Sitkowski was released from incarceration on mandatory supervised release. Sitkowski still was not served with the Du Page County warrant and, on March 20, 2006, the State dismissed the charge by nolle prosequi. On May 2, 2006, Sitkowski was indicted in Du Page County for aggravated driving while his license was revoked (625 ILCS 5/6--303(a), (d) (West 2002)), based on the same facts as the initial charge.

The State did not serve Sitkowski until November 20, 2006. That same day, Sitkowski made a second speedy-trial demand. He was arraigned on December 18, 2006, and on January 25, 2007, he moved to dismiss the charge for failure to bring him to trial within the statutory speedy-trial period.

A hearing was held and the State argued that the speedy-trial period was tolled after Sitkowski was released from incarceration. The trial court observed that the State failed to provide a reason for why Sitkowski was not served until November 2006. The court also observed that

Sitkowski was on supervised release and that the State should have been able to locate him. The court determined that the time was not tolled and it dismissed the indictment. The State appeals.

## II. ANALYSIS

The sole issue on appeal is whether Sitkowski's release from incarceration tolled the speedy-trial period. The State argues that, once Sitkowski was released, he was no longer subject to the intrastate detainers statute. Thus, the State contends that, until Sitkowski made a new demand under section 103--5(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103--5(b) (West 2006)), the time was tolled. Sitkowski argues that his demand under the intrastate detainers statute was effective and that the speedy-trial period was not tolled during the time between his release and the dismissal by nolle prosequi because he was on mandatory supervised release, which is a DOC program. The parties do not dispute that the speedy-trial period was tolled during the time between the dismissal and when the charges were refiled.

"The right to a speedy trial is guaranteed by the Federal and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8)." People v. Staten, 159 Ill. 2d 419, 426 (1994). A criminal defendant in Illinois has a statutory right to a speedy trial. 725 ILCS 5/103--5 et seq. (West 2004). The speedy-trial statute enforces the constitutional right to a speedy trial, and its protections are to be liberally construed in favor of the defendant. People v. Buford, 374 Ill. App. 3d 369, 372 (2007). "[T]he statutory right to a speedy trial is not the precise equivalent of the constitutional right." Staten, 159 Ill. 2d at 426. "'Proof of a violation of the statutory right requires only that the defendant has not been tried within the period set by statute and that [the] defendant has not caused or contributed to the delays." Staten, 159 Ill. 2d at 426. Because this appeal presents

purely legal questions, the standard of review is de novo. People v. King, 366 Ill. App. 3d 552, 554 (2006).

"[T]he Illinois legislature has enacted three principal speedy-trial statutes." King, 366 Ill. App. 3d at 554; see People v. Wooddell, 219 Ill. 2d 166, 174 (2006). Section 103--5(a) of the Code provides an automatic 120-day speedy-trial right for a person held in custody on the pending charge and does not require a speedy-trial demand to exercise that right. 725 ILCS 5/103--5(a) (West 2004). Section 103--5(b) of the Code contains a 160-day speedy-trial right for a person released on bond or recognizance, and the period begins to run only when the accused files a written demand for a speedy trial. Finally, the intrastate detainers statute applies the speedy-trial period contained in section 103--5(b) to a person "committed to any institution or facility or program of the [DOC]" who has charges pending, provided that he or she serves a written demand. 730 ILCS 5/3--8--10 (West 2004); see King, 366 Ill. App. 3d at 354-55; People v. Penrod, 316 Ill. App. 3d 713, 717 (2000). "Thus, under the intrastate detainers statute, a person already incarcerated on an unrelated charge enjoys the exact same speedy-trial right as someone released on bond or recognizance--that is, a 'statutory right to be tried within 160 days.' " Wooddell, 219 Ill. 2d at 172, quoting Staten, 159 Ill. 2d at 428.

It is a fundamental principle of statutory construction that, when interpreting a statute, a court must give effect to the legislature's intent, and the best indication of legislative intent is the language of the statute, given its plain and ordinary meaning. Buford, 374 Ill. App. 3d at 373. When the statute's language is clear and unambiguous, a court must apply the statute without resort to further statutory-construction aids. Wooddell, 219 Ill. 2d at 171. "Though both the speedy trial act [(section 103--5 of the Code)] and the intrastate detainers statute deal with the accused's right to a speedy trial,

the intrastate detainers statute is a particular enactment that only applies to persons committed to the custody of the [DOC]." Penrod, 316 Ill. App. 3d at 718. Statutes relating to the same subject matter must be construed together so that effect may be given to all the provisions of each statute if it can be done by a fair and reasonable construction, and we presume that all statutes relating to one subject are governed by one policy and that the legislature intended them to be operative and harmonious. Penrod, 316 Ill. App. 3d at 718. The intrastate detainers statute "does not conflict with but, rather, qualifies the speedy trial act." Penrod, 316 Ill. App. 3d at 718.

Section 3--1--2(b) of the Unified Code defines " '[c]ommitment' " as "a judicially determined placement in the custody of the [DOC] on the basis of delinquency or conviction." 730 ILCS 5/3--1--2(b) (West 2004). Under section 3--14--2(a) of the Unified Code, the DOC retains custody of all persons placed on parole or mandatory supervised release. 730 ILCS 5/3--14--2(a) (West 2004). Further, section 3--1--2(g) of the Unified Code states that " '[d]ischarge' " is "the final termination of a commitment to the [DOC]." 730 ILCS 5/3--1--2(g) (West 2004). A mandatory supervised release is not a "discharge." See Penrod, 316 Ill. App. 3d at 719, citing 730 ILCS Ann. 5/3--1--2(g), Council Commentary--1973, at 11 (Smith-Hurd 1997).

In Wooddell, the supreme court held that a speedy-trial demand filed under the intrastate detainers statute while the defendant was in DOC custody survived the defendant's release from prison. Wooddell, 219 Ill. 2d at 181. The defendant did not need to refile a demand under the speedy-trial act, and the 160-day period continued to run. Wooddell, 219 Ill. 2d at 179. The court observed that to hold otherwise would convert the speedy-trial period from one of 160 days to one of at least 320 days. See Wooddell, 219 Ill. 2d at 179.

Further, in Penrod, the Fifth District held that a defendant was committed to the continuous custody of the DOC during the entire period of his mandatory supervised release. Penrod, 316 Ill. App. 3d at 719. Thus, the court held that the defendant was required to make a speedy-trial demand under the intrastate detainers statute instead of the speedy-trial act. Penrod, 316 Ill. App. 3d at 719; see also King, 366 Ill. App. 3d at 554.

Here, under Wooddell, Sitkowski's speedy-trial demand, made while he was in custody under the intrastate detainers act, remained effective after he was released. The State attempts to distinguish Wooddell on the basis that Sitkowski was not released on bail. But the logic of Wooddell still applies. Sitkowski was released on mandatory supervised release, and thus he was still in DOC custody under the plain language of the statutes. See Penrod, 316 Ill. App. 3d at 719. Thus, even though Sitkowski was not released on bail, he was still committed to the DOC, meaning that his demand filed under the intrastate detainers statute was still effective. Accordingly, Sitkowski's release from incarceration did not toll the speedy-trial period.

The State argues that Sitkowski waived his speedy-trial right by failing to appear, observing that, under the speedy-trial act, the failure to appear will waive a speedy-trial demand. 725 ILCS 5/103--5(b) (West 2004). But Sitkowski failed to appear before he made a speedy-trial demand, and he does not argue that we should count any periods before he made his demand. There is nothing in the record to show that Sitkowski failed to appear after he made his demand under the intrastate detainers statute, nor is there legal support for the conclusion that a failure to appear waives all future speedy-trial demands. Instead, Sitkowski demanded a speedy trial, and the State failed to bring him to trial within the 160-day period and did not show that Sitkowski was responsible for the delay. Accordingly, the trial court correctly dismissed the indictment.

## III. CONCLUSION

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GROMETER and ZENOFF, JJ., concur.