THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUAN CABRERA, Defendant-Appellant.
Third District   No. 3—88—0721

Opinion filed September 15, 1989.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

A jury convicted the defendant, Juan Cabrera, of aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4). The trial court sentenced him to four years in prison. The defendant appeals, arguing that he was denied his right to a speedy trial.

The record shows that the defendant was incarcerated throughout the pretrial period. Accordingly, he was entitled to be tried within 120 days (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a)). The State and the defendant agree that 95 days of the delay before the defendant's trial were attributable to the State. They disagree as to whether the 35-day period between June 6, 1988, and July 11, 1988, was attributable to the State or the defendant.

The facts surrounding that 35-day period show that on May 6, 1988, the defendant filed a motion for the appointment of a psychiatrist to determine whether he was fit to stand trial. On June 6, 1988, the parties appeared before the court and defense counsel noted that the psychiatrist had completed his evaluation and filed his report. Defense counsel then asked the court to set the case for trial. The court asked the parties for an appropriate date, and the State suggested

that the cause be set in the regular course of the court's docket. Defense counsel agreed that that would be appropriate. The court then offered June 20, June 27, and July 5, 1988, as possible trial dates. Defense counsel stated that July 5 was a problem but that either of the other dates was fine. The court then set the trial for July 11, 1988. Although the defendant was not tried until August 22, 1988, the parties agree that the period from July 11 on is attributable to the State.

■■■■ On a motion for discharge, the defendant bears the burden of proving that he was not responsible for the delays prior to trial. (*People v. Grant* (1982), 104 Ill. App. 3d 183, 432 N.E.2d 1129.) A delay is considered to have been occasioned by the defendant if his acts have caused or contributed to the delay or where he has expressly agreed to a continuance on the record. (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677.) When a defendant files a pretrial motion, he is responsible for the time naturally associated with processing the motion. (*DeCarlis*, 88 Ill. App. 3d at 637, 410 N.E.2d at 680.) The trial court's decision as to the accountability for delay will be sustained on appeal absent a clear showing of abuse of discretion. *People v. Sonntag* (1984), 128 Ill. App. 3d 548, 470 N.E.2d 631.

In the instant case, the defendant's motion for a psychiatric evaluation, as well as the uncertainty of the timing and outcome of the evaluation, made it impossible to set a date for trial. On June 6, when the parties returned to court following the evaluation, defense counsel expressly agreed that trial should be set in the regular course of the court's docket. The trial judge named three possible trial dates, and defense counsel said one date was impossible, but either of the remaining two dates would be fine. The court then picked a different date, July 11, for trial. The defendant did not object to that date.

■■ We recognize that mere silence on the defendant's part does not amount to an agreement to a delay. (*People v. Reimolds* (1982), 92 Ill. 2d 101, 440 N.E.2d 872.) Here, however, the defendant's motion led to the scheduling conference being delayed until June 6. At that time, the defendant agreed to setting the trial in the regular course of the court's docket. Apparently, for one reason or another the court decided that July 11 was the best time on its docket to hold the trial. Under these circumstances, we find that the defendant contributed to and acquiesced in the delay in his trial. Accordingly, we find that the trial court did not abuse its discretion in attributing the period between June 6 and July 11 to the defendant and there-

fore denying his motion to discharge.

The judgment of the circuit court of Peoria County denying the defendant's motion to discharge for failure to bring him to trial within 120 days is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.