No. 3--06--0235

Filed July 23, 2007.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit Will County, Illinois |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Nos.  04--DT--367 & 04--TR--25247 |
| | ) | |
| WILLIAM LAFAIRE, | ) ) | Honorable Marzell Richardson |
| Defendant-Appellee. | ) | Judge, Presiding |

JUSTICE HOLDRIDGE delivered the Opinion of the court:

MODIFIED UPON DENIAL OF REHEARING

Defendant was charged with driving under the influence of alcohol and driving in the wrong lane of traffic. He demanded a speedy trial and subsequently moved to dismiss the charges, arguing that his right to a speedy trial had been violated. The circuit court denied his motion. After defendant moved to reconsider, however, the court reversed its ruling and scheduled a hearing on the speedy trial issue. The court ultimately granted defendant's motion. The State filed this appeal, and we affirm.

BACKGROUND

Defendant was charged by uniform traffic citation on February 28, 2004. He posted bond and was released that day, with his first appearance set for April 12, 2004.

On March 19, 2004, defense counsel filed his appearance and made a written demand for a speedy trial.

On April 12, 2004, defendant was arraigned. A pre-trial hearing and a summary suspension hearing were set for May 10, 2004.

On May 10, 2004, the cause was continued to June 14, 2004.

On June 14, 2004, the cause was continued to August 3, 2004, per defendant's motion.

On August 3, 2004, the cause was continued to September 22, 2004, per defendant's motion.

On September 22, 2004, the cause was continued to November 17, 2004, per defendant's motion.

On November 17, 2004, a trial was set for January 10, 2005, by agreement of the parties.

On December 8, 2004, the State moved to continue the trial beyond January 10, 2005, because Officer Drumm (witness) was scheduled to attend police training between January 3 and March 25, 2005, and was thus unavailable to testify during that period. The circuit court heard the State's motion on December 16, 2004, and continued the trial to April 11, 2005, over defendant's objection.

On January 10, 2005, a hearing occurred where the State advised that the trial had already been continued to April 11, 2005.

On April 11, 2005, both parties announced that they were ready for trial. However, defendant requested leave to file a motion to dismiss for violation of his speedy trial right. His request was granted.

In finding that defendant's speedy trial right was violated, the circuit court determined that 169 days had run against his demand. Those days were March 19, 2004, to April 12, 2004, and November 17, 2004, to April 11, 2005.

DISCUSSION

Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date the defendant demands trial unless delay is occasioned by the defendant. 725 ILCS 5/103--5(b) (West 2002). The speedy trial term is computed by excluding the first day and including the last, unless the last day is a Sunday or a holiday, in which case it is also excluded. People v. Shaw, 24 Ill. 2d 219 (1962). Our standard of review is abuse of discretion. People v. Williams, 272 Ill. App. 3d 868 (1995).

The first period in question is from defendant's speedy trial demand on March 19, 2004, to his arraignment on April 12, 2004. This period amounts to 24 days. The State argues that none of these days should apply for speedy trial purposes because the speedy trial clock did not begin running until defendant was arraigned. To support its argument, the State cites People v. Speight, 72 Ill. App. 3d 203 (1979), for the proposition that personal jurisdiction is obtained over a criminal defendant by his appearance in court. Extrapolating from this proposition, the State reasons: "[I]t is illogical to conclude that the speedy-trial term can begin running prior to a defendant's first appearance and his arraignment. Until the defendant's first appearance and arraignment, the court does not have jurisdiction over the defendant and the defendant has not elected whether to plead guilty or to plead not guilty and proceed to trial."

We disagree. Speight is factually distinguishable ~~inapposite~~ because it dealt with a different jurisdictional question (involving the tolling of a defendant's probation period by his

appearance in court on the State's petition to revoke). Moreover, we have found no authority

supporting the State's present extrapolation from Speight for the proposition that a defendant's

speedy trial period does not begin until arraignment. According to People v. Sharos, 24 Ill. App.

3d 265 (1974), a defendant's speedy trial period begins when he makes his speedy trial demand,

not subsequently at arraignment. Cf. People v. Makes, 103 Ill. App. 3d 232 (1981) (noting that

the right to a speedy trial attaches when criminal prosecution begins, such as by arrest, and that

the defendant could have demanded a speedy trial when he was placed on bail even though he was

not charged until 30 months later). This observation is consistent with the speedy trial statute,

which states that a defendant's speedy trial term begins on "the date he was taken into custody"

(for those in custody) or "the date [he] demands trial" (for those out on bail or recognizance).

725 ILCS 5/103–5(a), (b) (West 2004).

The latter provision applies in the instant case. Since defendant demanded a speedy trial

on March 19, 2004, that is when his speedy trial term began. Thus, the 24 days between his

demand and arraignment are attributable to the State.

The second period in question is from November 17, 2004, to April 11, 2005. This period

amounts to 145 days. The State asserts that on November 17, 2004, "the cause was continued to

January 10, 2005, by agreement of the parties," and thus that defendant should be charged with

the delay. But the record does not show that defendant agreed to a mere continuance on

November 17, 2004. Instead, he participated in scheduling a mutually agreeable trial date that fell

within the 160-day speedy trial period.[1] This action is different from agreeing to a mere

_____

[1]Although more than 160 days had passed by that time, the speedy trial period had not

expired because most of the days were attributable to defendant.

4

continuance or agreeing to a trial date that falls beyond the speedy trial period. See, e.g., People v. Workman, 368 Ill. App. 3d 778 (2006) (although the defendant's speedy trial right was not violated, the court also held that defense counsel's agreement to a trial date within the speedy trial period did not toll the speedy trial clock). Under such circumstances, we cannot say that the circuit court abused its discretion in declining to toll the speedy trial period for defendant's action on November 17, 2004.

In its opening brief, the State represented only that defendant agreed to a "continuance" on November 17, 2004 (leaving an impression that the agreement involved a mere continuance). After defendant clarified the true nature of the agreement in his own brief, the State acknowledged the clarification in its reply brief by referring to November 17, 2004, as the day "when the trial date was set." Nevertheless, the State cites the speedy trial statute for the proposition that "[d]elay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103--5(a) (West 2004). Assuming arguendo that scheduling a trial date constitutes such "delay" in the first place, the legislature only put this language in subsection 103--5(a) of the statute (applicable to persons in custody with a 120-day speedy trial period). No comparable provision appears in subsection 103--5(b), which governs defendant's speedy trial period.

Regarding delay between the State's continuance and the trial on April 11, 2005, defendant is clearly not responsible because he objected.

5

These observations yield a total period of 169 days not attributable to defendant between his speedy trial demand and his trial. Since the law required trial within 160 days, we find no reversible error in the circuit court's decision.

According to the dissent, we need not reach the question of whether the "strong language" in subsection 103--5(a) is applicable to the instant case (governed by subsection 103--5(b), where such language is absent). Yet to counter Workman by citing People v. Cordell, 223 Ill. 2d 380 (2006), as the dissent does, one would need already to have decided that the "strong language" applies because Cordel was a subsection 103--5(a) case and turned on the language in question. Moreover, People v. Woodrum, 223 Ill. 2d 286 (2006), is distinguishable, inter alia, because of the difference between merely agreeing to a continuance and setting a trial date, and People v. Cabrera, 188 Ill. App. 3d 369 (1989), is distinguishable, inter alia, because the requisite deference ran the other way. In Cabrera the appellate court had to determine whether the trial judge abused his discretion in attributing delay to the defendant and thus denying the defendant's motion to discharge. In the instant case, however, we must determine whether the trial judge abused his discretion in finding that defendant did not contribute to delay and thus granting his motion to dismiss the State's charges. An abuse of discretion occurs only when no reasonable person could agree with the position taken by the trial court. See People v. Sven, 365 Ill. App. 3d 226 (2006). Such is not the case here. We are not setting a trap for anyone or punishing the State for appearing in court early to seek a continuance--as the dissent suggests. We are simply applying an axiomatic standard of review to a given set of facts.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the Will County circuit court.

6

Affirmed.

PRESIDING JUSTICE LYTTON, specially concurring:

I agree with the majority that the trial court should be affirmed. I write separately to address certain policy reasons why I believe the majority is correct.

If an agreed date is set outside the 160-day period, the defendant should be charged for that delay. See Cordell, 223 Ill. 2d 380. In Cordell, the Illinois Supreme Court, in a subsection 103-5(a) case, said that setting a trial date beyond 120 days "qualifies as a delay" chargeable to the defendant. Cordell, 223 Ill. 2d at 390. In that case, the court did not want such an agreement to be used after a conviction as a procedural loophole for dismissal. That rationale is clearly understandable.

However, to apply Cordell to a trial setting within the statutory speedy trial date involves none of the game playing that concerned the Cordell court. Significantly, the court in Cordell also said that "[t]here is nothing in the section to indicate that the 'delay' must be of a set trial date." Cordell, 223 Ill. 2d at 390. Thus, if there is no "delay" in setting the trial date, that is, setting a date within the statutory limit, the time is not to be attributed to the defendant.

In this case, LaFaire's attorney agreed to a trial date within the 160-day period. This is a common practice, i.e., that the trial judge, prosecutor and defense attorney look at their calendars and choose a mutually agreeable trial date. I think the circuit court understood that it would be unsound policy to impose a rule that the setting of the trial date within the 160-day term is equivalent to agreeing to a continuance for that period of time. If we impose that policy, defense attorneys will be reluctant to ever agree to trial dates and may find themselves objecting to every

7

trial setting to protect their client's speedy trial rights. Such an outcome would cause unnecessary inefficiencies and burdens for circuit courts and criminal law practitioners.

Here, LaFaire objected to the continuance that took the time period outside the 160 days. Thus, I agree with the majority's conclusion that the trial court did not abuse its discretion in declining to toll the speedy trial period for defendant's agreement to set a trial date within the statutory 160-day period.

JUSTICE CARTER, dissenting:

I cannot agree with the majority's ruling in the present case. If there are any terms of art in the area of speedy trial, it is the words, "by agreement". When a date is set "by the agreement of the parties", it tolls the speedy trial term. 725 ILCS 5/103-5(a), (b) (West 2004); People v. Woodrum, 223 Ill. 2d 286, 299, 860 N.E. 2d 259, 269 (2006) (an agreed continuance generally constitutes an act of delay attributable to the defendant); People v. Cabrera, 188 Ill. App. 3d 369, 371-372, 544 N.E. 2d 439, 440 (1989) (delay attributable to defendant where defendant agreed to setting the trial in the regular course of the court's docket). It does not matter whether the date set is a status date or a trial date, or within or outside of the original speedy trial term. To rule otherwise would be to create a trap for the unwary judge and prosecutor who must now inquire further to determine if the "by agreement" language applies only to the date itself or also to the speedy trial term. The speedy trial statute is not intended to open a new procedural loophole. See People v. Gooden, 189 Ill. 2d 209, 221, 725 N.E. 2d 1248, 1254 (2000).

In support of its ruling in the present case, the majority relies on People v. Workman, 368 Ill. App. 3d 778, 858 N.E. 2d 886 (2006). However, from the sparse facts set forth in Workman, it is difficult to determine if that case actually supports the majority's position. See Workman, 368 Ill.

8

App. 3d at 785, 858 N.E. 2d at 892. Furthermore, the appellate court's ruling in <u>Workman</u> seems to conflict with the subsequent opinion of our supreme court in <u>People v. Cordell</u>, 223 Ill. 2d 380, 391-392, 860 N.E. 2d 323, 331 (2006).

While I agree that the speedy trial period in the present case begins to run from the date that the demand is filed (not from the arraignment date as the State suggests), I do not agree that the period from November 17, 2004 to January 10, 2005, is attributable to the State. It appears from the facts, that on November 17th, the parties agreed to set the trial for January 10th. Even without the strong language of subsection (a) of the speedy trial statute, that agreed delay would be attributable to defendant. See <u>Woodrum</u>, 223 Ill. 2d at 299, 860 N.E. 2d at 269; <u>Cabrera</u>, 188 Ill. App. 3d at 371-372, 544 N.E. 2d at 440. Furthermore, I would find that the State's continuance runs from January 11, 2005 to April 11, 2005. To suggest otherwise, would be to punish the State for coming into court early and seeking a continuance. See <u>People v. Lendabarker</u>, 215 Ill. App. 3d 540, 554, 575 N.E. 2d 568, 577 (1991). Thus, I would conclude that the trial court committed an abuse of discretion when it granted defendant's motion to dismiss the charges.

Since the record is clear that defendant agreed to the trial date, I would not address whether the strong language of subsection (a) applies to a demand made under subsection (b). That language only becomes important when it is not clear from the record that defendant agreed to the delay. Although I think it is a very interesting issue, I do not think that we need to reach it in the present case to resolve the issue before this court. Nor do I think that it can be resolved without a very detailed statutory analysis.

For the reasons stated, I respectfully dissent.