THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOSHUA C. HAMPTON, Defendant-Appellee.

Second District    No. 2—08—0368

Opinion filed September 18, 2009.

John A. Barsanti, State's Attorney, of St. Charles (Lawrence M. Bauer and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas A. Lilien and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Joshua C. Hampton, was charged with robbery (720 ILCS 5/18—1(a) (West 2006)). Later, he moved to dismiss the charge, claiming a violation of his statutory right to a speedy trial (see 725 ILCS 5/103—5(a) (West 2006)). The trial court granted the motion. The State appeals (see 210 Ill. 2d R. 604(a)(1)). We reverse and remand.

On November 4, 2007, defendant was arrested. The next day, the trial court set bail, found probable cause to hold defendant, remanded him to the custody of the sheriff, and ordered him to appear on November 29, 2007. On November 29, 2007, the court appointed the public defender to represent defendant and, on defendant's motion, continued the cause to December 6, 2007. On December 6, 2007, defendant filed a "Demand for Speedy Trial" under section 103—5(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—5(a)

(West 2006)). By agreement, the cause was continued to December 20, 2007. On December 20, 2007, on the State's motion, the trial court continued the cause to January 17, 2008, for a preliminary hearing and February 15, 2008, for trial. On January 17, 2008, on the State's motion, the cause was continued to February 15, 2008, for "Pretrial/status."

On February 15, 2008, the State moved to continue "to a future date for trial." At a hearing that day, Assistant State's Attorney Jamie Mosser explained that the State had tried unsuccessfully to serve the complaining witness and could not go to trial without her. Defendant's attorney, Brenda Willett, objected on speedy-trial grounds The court set March 24, 2008, for trial.

On February 28, 2008, the State again moved to continue the trial because another material witness would be unavailable on March 24, 2008. At a hearing also on February 28, the judge summarized the State's motion. The hearing concluded as follows:

"MS. WILLETT: Judge, we have previously demanded a speedy trial. We would continue in that demand.

THE COURT: It's People's time now. Do you want me to go forward or backwards? Should I go past this date, or do you want me to try and advance the date?

MS. WILLETT: March 31st.

MR. STAJDOHAR [assistant State's Attorney]: March 31st would be fine. Ms. Mosser says the week before or week after, and court is still unavailable the 17th.

Is that an accurate statement?

THE COURT: Yes. All right. Then I shall mark you down for March 31st. People's motion to continue is granted. Final pretrial conference is the Friday before, March 28th."

On March 27, 2008, defendant moved to dismiss, based on section 103—5(a), which, as pertinent here, provides:

"Every person in custody in this State for an alleged offense shall be tried *** within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103—5(a) (West 2006).

Defendant argued as follows. The 120-day period automatically began when he was taken into custody on November 4, 2007. See *People v. Campa*, 217 Ill. 2d 243, 251 (2005); *People v. Peco*, 345 Ill. App. 3d 724, 731 (2004). On November 5, 2007, the trial court set his bond and gave him a court date of November 29, 2007. Defendant did not contribute to or acquiesce in any delay between November 4 and

November 29, 2007, so that period was attributable to the State. He agreed to continuances thereafter to December 20, 2007, so that period was attributable to him. However, from December 20, 2007, onward, all of the continuances were on the State's motion. Defendant did not agree to any of these continuances; each time the State moved for one, he objected and affirmatively demanded a speedy trial. Thus, excluding delays for which he was responsible, the statutory 120-day period expired on March 26, 2008, the 121st day.

The State responded first that, because defendant did not affirmatively demand a speedy trial until December 6, 2007, any time that he spent in custody before then—including the period from November 4, 2007, through November 29, 2007—was attributable to him. Also, when the judge later set the trial for March 31, 2008, allegedly outside the 120-day period, defendant did not object to the proposed violation of his right to be tried within 120 days. Indeed, his attorney actually requested the date. Therefore, under *People v. Cordell*, 223 Ill. 2d 380, 390 (2006), defendant had forgone his right to be tried within 120 days and could not now use section 103—5(a) to defeat the charge.

At a hearing on the motion, the trial judge agreed with defendant that the statutory 120-day period automatically began when defendant was taken into custody. Thus, the judge counted the first 25 days (November 5, 2007, through November 29, 2007) against the State. Noting that the continuances from November 29, 2007, to December 20, 2007, were attributable to defendant, the judge excluded this period from the 120-day calculation. The remaining question was how much of the remaining time, between December 20, 2007, and March 31, 2008, a total of 102 days, should count against the State. The judge noted that the continuances in that period had been on the State's motion and that, in each instance, defendant had objected on the specific ground of his statutory right to a speedy trial. The judge concluded that, because 127 days of delay in all were attributable to the State, defendant had been denied his right to a speedy trial. After the trial court dismissed the charge, the State timely appealed.

On appeal, the State argues that the trial court erred in holding that defendant was denied his statutory right to a speedy trial, and it contends specifically that: (1) the period between defendant's arrest and November 29, 2007, was attributable to him; and (2) under *Cordell*, when defendant agreed to a continuance to a date beyond the statutory period, the delay past the deadline was attributable to him. The State notes that accepting either contention defeats defendant's speedy-trial claim.

For the reasons that follow, we disagree with the State's first contention but agree with its second contention, and thus we hold that the trial court erred in dismissing the charge. Defendant may not be charged with any of the delay preceding November 29, 2007, as the statutory speedy-trial clock automatically started when he was taken into custody. However, under *Cordell*, defendant was responsible for the continuation of the trial from February 28, 2008, to a date outside the statutory 120-day period. Defendant not only acquiesced in, but affirmatively sought, this date, and he was not entitled to have the case dismissed merely because the trial was set for a date of his own choosing.

Preliminarily, we note that the parties disagree on whether our review should be *de novo* or deferential. The State contends that, because the facts are not in dispute, the issue on review is one of statutory construction, which we decide *de novo*. Defendant responds that a trial court has broad discretion in deciding which party is responsible for delay and that we should affirm the judgment unless the trial court abused its discretion. Under the circumstances, we view the distinction as academic. The essential points are that (1) under settled case law, the trial court correctly charged the initial 25-day period to the State; and (2) under *Cordell*, defendant must be charged with the delay of the trial past the statutory period. Whether we say that (a) the trial court was correct as a matter of law in the first respect and incorrect as a matter of law in the second or (b) the court acted within its discretion in the first instance and abused its discretion in the second, our analysis and our result are the same. We do note, however, that because the pertinent facts are not in dispute, there appears to be no reason to defer to the trial court's judgment. See *People v. Crane*, 195 Ill. 2d 42, 52 (2001) (ultimate question of whether constitutional right to speedy trial was violated is reviewed *de novo*).

We consider the State's first contention: that the trial court erred in holding that the first period of delay, from November 4, 2007, through November 29, 2007, a total of 25 days, was attributable to the State.[1] The State concedes that we have held that section 103—5(a)'s 120-day period automatically starts from the day that the defendant is taken into custody, even if the defendant does not formally demand trial. *People v. Murray*, 379 Ill. App. 3d 153, 158 (2008); *Peco*, 345 Ill. App. 3d at 731. However, the State relies on the statutory command

---

[1] In calculating the total pretrial delay, a court must exclude the day of the arrest but include the day that the trial begins. *People v. Murray*, 379 Ill. App. 3d 153, 158 (2008).

that a given delay shall be considered agreed to by the defendant unless he or she objects to the delay by making a written or oral demand for trial on the record. 725 ILCS 5/103—5(a) (West 2006). The State reasons that, although the statutory period automatically started when defendant was arrested on November 4, 2007, he did not object on the record to the "delay" of the case to November 29, 2007, and, thus, the period between November 4, 2007, and November 29, 2007, must be attributed to him.

The State cites no authority supporting its construction of section 103—5(a), and we have found none. Indeed, in *Peco*, we rejected a very similar argument. There, the State contended that the speedy-trial period did not start to run until the defendant demanded a speedy trial. *Peco*, 345 Ill. App. 3d at 730. We noted that section 103—5(a) unambiguously requires an in-custody defendant to be tried " 'within 120 days *from the date he was taken into custody.*' " (Emphasis in original.) *Peco*, 345 Ill. App. 3d at 731, quoting 725 ILCS 5/103—5(a) (West 2000). This language convinced us that the legislature intended "that the 120-day speedy-trial period run automatically, without a formal demand for trial, from the day a defendant is taken into custody." *Peco*, 345 Ill. App. 3d at 731.

The State's argument here amounts to saying that a defendant in custody need not demand a speedy trial in order to start the statutory clock running—but that he must make such a demand in order to preempt any action that the trial court may take, or else he will be deemed to have consented to the trial court's delay of the proceedings. That would make the provision run much less than "automatically" (*Peco*, 345 Ill. App. 3d at 731).

In *Peco*, we relied not only on section 103—5(a)'s language but also on the difference between section 103—5(a) and its sister provision, section 103—5(b) (725 ILCS 5/103—5(b) (West 2006)). Section 103—5(b) provides that, for a person on bail or recognizance, the speedy-trial period begins to run " 'within 160 days *from the date defendant demands trial.*' " (Emphasis in original.) *Peco*, 345 Ill. App. 3d at 731, quoting 725 ILCS 5/103—5(b) (West 2000). We noted that, had the legislature intended to require an in-custody defendant to demand a speedy trial in order to start the clock running, it would have expressly said so, as it did in section 103—5(b). *Peco*, 345 Ill. App. 3d at 731. We rely on *Peco* to reject the State's first contention.

We turn to the State's second contention: that the trial court erred in holding that the State was responsible for the delay from February 28, 2008, through March 31, 2008. (The parties agree that the State was responsible for the delay from December 20, 2007, through February 28, 2008.) We agree with the State that, under *Cordell*, the trial

court erred in attributing this period to the State, at least insofar as doing so caused the trial to be set outside the 120-day period.

In *Cordell*, the defendant was arrested on January 24, 2002, and remained in custody until his trial. On April 26, 2002, at a status hearing, the defendant's attorney asked the trial judge to set a trial date. The judge suggested June 11, 2002, for the trial. The defendant's attorney did not object that the proposed date was outside section 103—5(a)'s 120-day limit, and, after an off-the-record discussion, the trial was set for June 11, 2002. On that day, the defendant was tried and convicted. He then filed a *pro se* posttrial motion arguing that his attorney had been ineffective for failing to move for a dismissal under section 103—5(a). The trial court denied the motion and sentenced the defendant. On appeal, he raised the ineffectiveness claim, based on the alleged violation of his statutory right to a speedy trial. *Cordell*, 223 Ill. 2d at 382-84.

The supreme court rejected the speedy-trial argument that underlay the ineffectiveness claim. The court explained that "delay" (725 ILCS 5/103—5(a) (West 2002)) includes "[a]ny action by either party or the trial court that moves the trial date outside of [the] 120-day window." *Cordell*, 223 Ill. 2d at 390. A narrower construction would ignore the plain language of the statute and would also eliminate trial courts' flexibility to propose trial dates that fall outside the statutory 120-day period. *Cordell*, 223 Ill. 2d at 390. Of course, the court continued, if a trial court proposes a trial date outside the statutory period, the defendant may preserve his speedy-trial right by objecting to the proposed date on that ground. But what he may not do is acquiesce in the setting of a date outside the period, then later obtain a dismissal on the ground that he was denied a speedy trial. In the former situation, the defendant is using section 103—5(a) "as a shield" to protect his right to be tried promptly; in the latter situation, he is using section 103—5(a) as a "sword after the fact" to defeat a conviction and "obstruct justice." *Cordell*, 223 Ill. 2d at 390.

Applying this reasoning, the supreme court held that, when the trial court set a trial date outside section 103—5(a)'s 120-day limit, "it was 'delaying' trial and [the] defendant was obligated to object in order to prevent the speedy-trial clock from tolling." *Cordell*, 223 Ill. 2d at 391. Therefore, the defendant did not have a viable speedy-trial claim and his counsel had not been ineffective for failing to move for a dismissal on that ground.

*Cordell*'s reasoning also defeats defendant's claim here. When the trial judge set defendant's trial for March 31, 2008, beyond the 120-day limit, defendant did not object to the apparent violation of his right to a speedy trial; indeed, it was his attorney who proposed the

date. Later, in making his speedy-trial claim, defendant used the very delay that he had not only agreed to, but had proposed, as a ground to dismiss the case. Defendant's strategy exemplifies what the *Cordell* court intended to prevent—the use of section 103—5(a), not as a shield to protect one's right to a speedy trial, but as a sword to defeat a conviction (or the threat of one). Defendant could either assert his right to be tried within the speedy-trial term or agree to be tried outside the term, but he could not agree to be tried outside the term and then complain that the trial court should have given him a speedy trial.

This case differs somewhat from *Cordell* in that, when the State moved for the continuance at issue, defendant did object on speedy-trial grounds. However, that difference is not material. In initially objecting to any continuance, defendant properly asserted his right to a speedy trial. Nonetheless, after the trial judge did decide to grant the State a continuance, defendant could not stand mute (or affirmatively propose a date outside of the speedy-trial term) if he wanted to successfully invoke his rights under section 103—5(a) later. This is because it was still possible for the trial court to grant the State a continuance without violating defendant's speedy-trial right, as the trial court offered to move up the date of the trial. In order to preserve his speedy-trial right, defendant had to object to a trial date beyond the 120-day speedy-trial term instead of actually proposing the date outside of the term.

While this scenario differs from that in *Cordell*, it is completely harmonious with its reasoning. In *Cordell*, the defendant made a demand for trial before the trial court proposed any trial dates, and the defendant voiced no objection to any of the proposed trial dates. The court held that "[a] simple request for trial, before any 'delay' is proposed is not equivalent to an objection for purposes of section 103—5(a)." *Cordell*, 223 Ill. 2d at 391. Allowing such generic objections to qualify as objections to delays that had not been proposed "would provide defendants with another sword to use after the fact to overturn their convictions." *Cordell*, 223 Ill. 2d at 391-92. Likewise here, to allow defendant to object to the State's request for a continuance without also objecting to the proposed trial date that is outside of the 120-day speedy-trial term (indeed, actually to propose a trial date that is outside of the term) allows defendant to use section 103—5(a) as a weapon to avoid the threat of a conviction. Accordingly, we hold that the trial court erred in granting defendant's motion to dismiss the charge.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded.

Reversed and remanded.

ZENOFF, P.J., and BOWMAN, J., concur.