No. 2--07--1246    Filed: 12-14-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--1942 |
| SEAN P. ZELENY, | ) ) ) | Honorable William H. Weir, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Sean P. Zeleny appeals his convictions of three counts of home invasion (720 ILCS 5/12--11(a)(2) (West 2004)). He contends that he was not brought to trial within 160 days as required by section 103--5(b) of the Code of Criminal Procedure of 1963 (speedy-trial statute) (725 ILCS 5/103--5(b) (West 2004)). Although the trial court wrongly determined that Zeleny agreed to an initial trial date that delayed trial beyond the speedy-trial term, Zeleny later did agree to a date that was outside the term. Thus, that delay was attributable to him, and he was brought to trial within 160 days. Accordingly, we affirm.

I. BACKGROUND

Zeleny was arrested on August 25, 2005. On September 2, 2005, while still in custody, Zeleny made a written speedy-trial demand and then agreed to postpone setting trial until September 6, 2005. On September 6, 2005, trial was set within the speedy-trial term, but on October 21, 2005,

Zeleny sought forensic testing of evidence. Zeleny was released from custody and placed on electronic monitoring on October 27, 2005, and he renewed his written speedy-trial demand. The court ultimately granted Zeleny's motion for testing, which resulted in numerous agreed delays until March 22, 2007. During that time, on April 7, 2006, a status hearing was held and Zeleny was not present. Zeleny's counsel indicated that Zeleny might have been mistakenly told that he did not need to appear that day, and the court stated that it would not worry about that appearance.

On March 22, 2007, defense counsel stated that she was ready to set the case for trial and requested a date in July. Trial was then set for July 9, 2007, by agreement of the parties.

On June 12, 2007, the State filed a motion to continue the trial date. A hearing was held on June 19, 2007, and, during the State's argument on the motion, defense counsel stated:

"Judge I have no objection.

We have talked about potential weeks, and I don't know what your Honor's calendar is like. My office would be asking for September 10th or September 17th. [The assistant State's Attorney] may have some issues with those."

The parties then discussed possible dates and decided to set trial for September 24, 2007, with a pretrial conference on September 20, 2007. The following colloquy then occurred:

"THE COURT: Is that all right?

MR. ENGERMAN [assistant State's Attorney]: Are you agreeing to this date?

MS. STOCK [defense attorney]: Yes, that's fine.

THE COURT: September 20th at 11 for pretrial.

MS. STOCK: Are you showing it on the State's motion for continuance?

THE COURT: Yes.

MS. STOCK: We have no objection.

MR. ENGERMAN: To--so you are not demanding?

MS. STOCK: No, but I do want this to reflect this is your request.

MR. ENGERMAN: Oh, absolutely.

THE COURT: That's fair.

MS. STOCK: No objection."

On September 20, 2007, Zeleny moved to dismiss on speedy-trial grounds. At the hearing on the motion, the State argued that Zeleny waived his speedy-trial demand when he failed to appear on April 7, 2006. The State also argued that, on March 22, 2007, when Zeleny agreed to a July 9, 2007, trial date, he agreed to a date that was beyond the 160-day speedy-trial term. The trial court agreed with the State on both arguments and denied the motion to dismiss. Zeleny was convicted, and his motion for a new trial was denied. He appeals.

## II. ANALYSIS

The parties spend large portions of their briefs discussing how certain time periods are allocated in the speedy-trial calculation, but ultimately they agree on most calculations. Where they disagree is on the effect of Zeleny's agreement to the July 9 and September 24, 2007, trial dates and whether he failed to appear on April 7, 2006.

Relying primarily on principles from a Third District case, People v. LaFaire, 374 Ill. App. 3d 461, 464 (2007), Zeleny argues that the trial court miscalculated when the 160-day speedy-trial term began and that, when he agreed to a July 9, 2007, date, it was within the term, resulting in no delay of trial attributable to him. He argues that when that period is taken out of consideration, he was not brought to trial within 160 days. The State agrees with Zeleny's time calculations but argues

that, even if July 9, 2007, fell within the speedy-trial term, his "agreement" to that date was a delay attributable to him. In the alternative, the State argues that Zeleny later agreed to the September 24, 2007, trial date, which fell outside the speedy-trial term. Thus, the State contends that the period from June 12, 2007, until the date of trial was attributable to Zeleny and resulted in his being brought to trial within 160 days.

"The right to a speedy trial is guaranteed by the Federal and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8)." People v. Staten, 159 Ill. 2d 419, 426 (1994). A criminal defendant in Illinois also has a statutory right to a speedy trial. 725 ILCS 5/103--5 (West 2004). The speedy-trial statute enforces the constitutional right to a speedy trial, and its protections are to be liberally construed in favor of the defendant. People v. Buford, 374 Ill. App. 3d 369, 372 (2007). "[T]he statutory right to a speedy trial is not the precise equivalent of the constitutional right." Staten, 159 Ill. 2d at 426. "Proof of a violation of the statutory right requires only that the defendant has not been tried within the period set by statute and that defendant has not caused or contributed to the delays." Staten, 159 Ill. 2d at 426. The trial court's ultimate determinations will be upheld on appeal absent an abuse of discretion. Buford, 374 Ill. App. 3d at 372. On a legal question, however, the standard of review is de novo. People v. King, 366 Ill. App. 3d 552, 554 (2006).

Section 103--5(a) of the speedy-trial statute provides an automatic 120-day speedy-trial right for a person held in custody on the pending charge and does not require such a person to file a demand to exercise that right. 725 ILCS 5/103--5(a) (West 2004). Section 103--5(b) of the speedy-trial statute contains a 160-day speedy-trial right for a person released on bond or

recognizance, and the period begins to run only when the accused files a written speedy-trial demand. 725 ILCS 5/103--5(b) (West 2004).

"[A] defendant is subject to whatever speedy-trial statute applies at the time he or she makes a speedy-trial demand." People v. Wooddell, 219 Ill. 2d 166, 177 (2006). Here, the parties agree that Zeleny was not in custody when he made his demand and that the 160-day period of section 103--5(b) applies.

Section 103--5(b) provides:

"Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104--13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114--4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal. The defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection." 725 ILCS 5/103--5(b) (West 2004).

"Section 103--5(f) provides that '[d]elay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried.' " People v. Patterson, 392 Ill. App. 3d 461, 467 (2009), quoting 725 ILCS 5/103--5(f) (West 2004). Thus, a defendant waives the right to a speedy trial under section 103--5(b), where, by his or her affirmative act, he or she contributes to an actual delay of the trial or expressly agrees to the continuance on the record. People v. Cunningham, 77 Ill. App. 3d 949, 952 (1979). " 'A defendant is considered to have occasioned a delay when he requests a continuance, agrees to a continuance, or when his

actions otherwise cause or contribute to the delay.' " Patterson, 392 Ill. App. 3d at 467, quoting People v. Hatch, 110 Ill. App. 3d 531, 537 (1982). " '[I]n seeking a discharge, the defendant bears the burden of showing that his right to a speedy trial has been violated.' " Patterson, 392 Ill. App. 3d at 467, quoting People v. Boyce, 51 Ill. App. 3d 549, 554 (1977). " 'This burden includes a demonstration that he caused no delay, which fact must be affirmatively established by the record.' " Patterson, 392 Ill. App. 3d at 467, quoting Boyce, 51 Ill. App. 3d at 554.

Under section 103--5(b), mere acquiescence to a date suggested by the trial court is not a delay attributable to the defendant. People v. Wynn, 296 Ill. App. 3d 1020, 1027 (1998). Also, although the defendant carries the burden of proving a violation of section 103--5(b), where the record is silent or the defendant fails to object to a delay requested by the State, the delay cannot be attributed to the defendant. People v. Howard, 205 Ill. App. 3d 702, 708 (1990); see People v. Reimolds, 92 Ill. 2d 101, 106 (1982).

In LaFaire, the defendant participated in scheduling a mutually agreeable trial date that fell within the 160-day speedy-trial period. The Third District distinguished that act from agreeing to a trial date that fell outside the 160-day period, citing a case stating that defense counsel's agreement to a trial date within the speedy-trial period did not toll the speedy-trial clock. LaFaire, 374 Ill. App. 3d at 464, citing People v. Workman, 368 Ill. App. 3d 778 (2006).

LaFaire is in line with our supreme court's holding in People v. Cordell, 223 Ill. 2d 380 (2006), a case construing the meaning of the term "delay" in section 103--5(a), which is identical to the term "delay" in section 103--5(b). In Cordell, the defendant's attorney did not object to setting a trial date that was outside section 103--5(a)'s 120-day limit. The defendant then filed a pro se posttrial motion arguing that his attorney was ineffective for failing to object and move for a

dismissal under section 103--5(a). The trial court denied the motion and the defendant appealed. Cordell, 223 Ill. 2d at 382-84.

The supreme court affirmed, explaining that "delay" includes "[a]ny action by either party or the trial court that moves the trial date outside of [the] 120-day window." Cordell, 223 Ill. 2d at 390. A narrower construction would ignore the plain language of the statute and would also eliminate trial courts' flexibility to propose trial dates that fall outside the statutory 120-day period. Cordell, 223 Ill. 2d at 390. If a trial court proposes a trial date outside the statutory period, the defendant may preserve his speedy-trial right by objecting to the proposed date on that ground. But what he may not do under section 103--5(a) is acquiesce in the setting of a date outside the period, then later obtain a dismissal on the ground that he was denied a speedy trial. In the former situation, the defendant is using section 103--5(a) "as a shield" to protect his right to be tried promptly; in the latter situation, he is using section 103--5(a) as a "sword after the fact" to defeat a conviction and "obstruct justice." Cordell, 223 Ill. 2d at 390.

Here, the parties correctly agree that the trial court mistakenly attributed to the State the period between Zeleny's arrest and when he filed his speedy-trial demand. The parties also correctly agree that as of March 22, 2007, 45 days were attributable to the State and that July 9, 2007, was day 154. Thus, when trial was set for July 9, 2007, it was set within the speedy-trial term. Under LaFaire, that period was not attributable to Zeleny because there was no actual delay of trial.

The State contends that any agreed trial date, whether before or after the 160-day period has run, is an agreed delay attributable to the defendant, but it relies on cases that did not specifically address the issue or that involved the setting of dates after the speedy-trial term would have run. A dissent in LaFaire also took the position that any date set by agreement, whether within or outside

the speedy-trial term, equates to an act of delay attributable to the defendant. LaFaire, 374 Ill. App. 3d at 467 (Carter, J., dissenting). But, although that dissent cited Cordell, its reasoning was at odds with our supreme court's definition of "delay." Here, trial was set within the 160-day term. There was no "delay" at that point.

Although under LaFaire, Zeleny is correct that no delay beginning on March 22, 2007, was attributable to him, he fails to address the delay of trial from June 19 to September 24, 2007, stating only that he does not dispute statements from the trial court attributing that period to the State. The State argues that under Zeleny's own logic, on June 19, 2007, he expressly agreed to a delay of trial outside the 160-day term, and thus the entire period from June 19 to September 24, 2007, was attributable to him. The issue of those dates was never directly argued to the trial court. However, "we may affirm a ruling on grounds different from those stated by a lower court." People v. Eyler,133 Ill. 2d 173, 213 (1989).

On June 12, 2007, the State brought a motion to continue but, at the June 19, 2007, hearing, defense counsel actively participated in a discussion about setting a new trial date, expressly stated that there was no objection, and expressly stated her agreement to the trial date. When asked, "so you are not demanding?" defense counsel stated "no," but clarified that she wanted the record to reflect that the continuance was at the State's request. Trial was set for September 24, well outside the 160-day period.[1] In light of her level of participation in deciding the trial date and her statement that there was no objection, defense counsel did not merely acquiesce to a trial date suggested by the

---

[1]As of March 22, 2007, when trial was first set for July 9, 2007, 45 days were attributable to the State. Attributing the period until June 19, 2007, to the State, 134 days had expired on that date. Thus, the September 24, 2007, trial date was well outside the 160-day period, at 231 days.

court. Instead, she expressly agreed to a continuance and to a date that delayed trial beyond the 160-day term. It does not matter that the continuance was based on the State's motion, when Zeleny expressly agreed to the delay. See People v. Hampton, No. 2--08--0368, slip op. at 9 (September 18, 2009). Thus, the period from June 19, 2007, until trial was attributable to Zeleny and he was brought to trial within 160 days. Accordingly, we affirm. Because we affirm on that basis, we do not address whether Zeleny waived his speedy-trial demand when he did not appear in court on April 7, 2006.

### III. CONCLUSION

Zeleny was brought to trial within 160 days. Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

ZENOFF, P.J., and BOWMAN, J., concur.