Opinion filed June 10. 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CM-2124 |
| KARLOS E. INGRAM, | ) ) | Honorable Christine A. Downs, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court, with opinion. Justices Hudson and Brennan concurred in the judgment and opinion.

**OPINION**

¶ 1 Following a bench trial, defendant, Karlos E. Ingram, was convicted of battery (720 ILCS 5/12-3(a)(2) (West 2016)). He appeals, contending that he was denied his statutory right to a speedy trial. Specifically, he argues that the trial court improperly charged him with time that elapsed after defense counsel agreed to the next available trial date, which was within the speedy- trial term. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3 Defendant was arrested on July 31, 2017, and was released on bail that same day.  On  August 1, 2017, his attorney, John Paul Ivec, mailed his appearance and a "speedy trial demand," which were file-stamped on August 3, 2017. On September 14, 2017, the case was called for

status and continued "by agreement" until October 19. On that date, the case was continued until November 1 on the prosecution's motion.

¶ 4 No court reporter was present on November 1, 2017. An order entered that day states, "Motion for continuance by agreement." The case was "continued for bench trial" to February 1, 2018.

¶ 5 The State later moved to advance and continue the trial date. At a hearing on January 25, 2018, at which no court reporter was present, the court granted the motion "over Defendant's objection." The order further provides, "Defendant demands speedy trial and objects to all continuances." The court continued the case to May 3, 2018.

¶ 6 On February 1, 2018, the court changed the trial date to April 12, 2018. The court's order provides, "The State spoke to Attorney Ivec regarding a change in the trial date. Although Attorney Ivec is aware of the new trial date, Defendant persists in his demand for speedy trial and objects to all continuances."

¶ 7 On April 2, 2018, defendant moved to dismiss the charge, alleging a violation of his speedy-trial right. He noted that the initial trial date, February 1, was within the speedy-trial term. He contended that, under *People v. Zeleny*, 396 Ill. App. 3d 917 (2009), his agreement to a trial date within the speedy-trial term did not "delay" the trial and, thus, the time should not be charged to him. He argued that, if that time were counted, the speedy-trial period had expired. The State countered that the record reflected that the continuance was "by agreement" and should be charged to the defense like any other continuance.

¶ 8   The trial court denied the motion. Relying on its recollection as well as the written orders in the record, the court found that the continuance from November 1, 2017, to February 1, 2018,

was by agreement and thus chargeable to defendant. The court specifically found that the "continuance for trial was agreed to by defendant." The court further stated:

"Unlike the other court dates, defendant did not object on November 1st to the attribution of time to him when the case was continued.

This was not a situation where defendant was objecting to the continuance and persisting in his demand for speedy trial but noting that he was available for trial on February 1, 2018 and that he would acquiesce to that trial date."

¶ 9 The court noted that cases such as *People v. Wynn*, 296 Ill. App. 3d 1020, 1027-28 (1998), drew a subtle distinction between acquiescing to a trial date and expressly agreeing to a continuance and that *Zeleny* had cited *Wynn* for that proposition. The court reiterated that this case involved the latter situation.

¶ 10 Defendant moved to reconsider. Defense counsel offered his own recollection of the November 1, 2017, hearing, in which he attempted to secure a trial date in November or December. The court denied the motion. The court stated that it did not recall that conversation but, in any event, defendant agreed to the February 1 date and did not reassert his speedy-trial demand when trial was set for that date.

¶ 11 Following a bench trial, the court found defendant guilty of battery and sentenced him to 18 months' court supervision. Defendant filed a motion for a new trial, asserting, among other things, that he did not receive a speedy trial. The court denied the motion, and defendant timely appeals.

¶ 12                                    II. ANALYSIS

¶ 13 Defendant again contends that he was deprived of a speedy trial. Citing *People v. Cordell*, 223 Ill. 2d 380 (2006), *Zeleny*, and *People v. LaFaire*, 374 Ill. App. 3d 461 (2007), he contends

that his agreement to a trial date within the speedy-trial term was not a "delay" and thus could not be charged to him.

¶ 14  In Illinois, a defendant has both a constitutional and a statutory right to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; 725 ILCS 5/103-5 (West 2016). The statutory speedy-trial provisions are to be liberally construed in favor of a defendant because they were enacted to avoid infringements of the defendant's constitutional speedy-trial right. *People v. Kohler*, 2012 IL App (2d) 100513, ¶ 23.   However, that right "is not a sword to be used to extricate oneself from criminal charges; it is a shield to protect the accused from unjust and prejudicial delays occasioned by the State." *People v. Mosley*, 2016 IL App (5th) 130223, ¶ 20; see also *People v. Gooden*, 189 Ill. 2d 209, 220-21 (2000) (the statute is not to be used as a loophole to obstruct the ends of justice).

¶ 15 Section 103-5(b) provides, in pertinent part:

> "(b) Every person on bail or recognizance shall be tried *** within 160 days from the date [the] defendant demands trial unless delay is occasioned by the defendant ***."
>
> 725 ILCS 5/103-5(b) (West 2016).

¶ 16 Generally, a defense counsel's express agreement to a continuance may be considered an affirmative act contributing to a delay attributable to the defendant. *People v. Kliner*, 185 Ill. 2d 81, 114 (1998). However, depending upon the precise circumstances, defense counsel's acquiescence to the next available trial date, if that date is within the speedy-trial period, is not necessarily a "delay" chargeable to the defendant.

¶ 17  The parties discuss several cases that are key to our resolution of this issue.  In *Cordell*,  the defendant's attorney did not object to setting a trial date outside the 120-day limit of section 103-5(a). The trial court denied the defendant's posttrial motion alleging that his attorney was

ineffective for failing to move for dismissal on speedy-trial grounds. The supreme court affirmed, explaining that "delay" includes "[a]ny action by either party or the trial court that moves the trial date outside of [the] 120-day window." *Cordell*, 223 Ill. 2d at 390. The court explained that a narrower construction would ignore the statute's plain language and eliminate trial courts' flexibility to propose trial dates falling outside the statutory 120-day period. *Id.*

¶ 18 In *LaFaire*, the defendant participated in scheduling a mutually agreeable trial date falling within the 160-day speedy-trial period. In affirming the trial court's dismissal of the charges on speedy-trial grounds after a State-requested continuance, the Third District distinguished that continuance request from agreeing to a trial date that fell outside the 160-day period. *LaFaire*, 374 Ill. App. 3d at 464 (citing *People v. Workman*, 368 Ill. App. 3d 778 (2006)).

¶ 19 In *Zeleny*, we likewise held that the defendant's agreement to a trial date within the 160- day period was not a delay attributable to him. We noted that "mere acquiescence to a date suggested by the trial court is not a delay attributable to the defendant." *Zeleny*, 396 Ill. App. 3d at 921 (citing *Wynn*, 296 Ill. App. 3d at 1027). However, we affirmed the defendant's convictions. We noted that, after the State moved to continue the trial date, defense counsel actively participated in setting a new trial date outside the speedy-trial period. When the court asked counsel, " 'so you are not demanding?' " counsel replied that she was not. *Id.* at 922. Thus, "[i]n light of her level of participation in deciding the trial date and her statement that there was no objection, defense counsel did not merely acquiesce to a trial date suggested by the court." *Id.* at 923. Rather, "she expressly agreed to a continuance and to a date that delayed trial beyond the 160-day term." *Id.*

¶ 20 The State cites *People v. Lilly*, 2016 IL App (3d) 140286, and *People v. Wade*, 2013 IL App (1st) 112547. In *Lilly*, authored by the justice who dissented in *LaFaire*, the court rejected

the defendant's argument that his agreement to a trial date within the 120-day period was not a " 'delay' " that could be attributed to him. *Lilly*, 2016 IL App (3d) 140286, ¶ 33. In *Wade*, the defendant agreed to two continuances without reasserting his speedy-trial rights. *Wade*, 2013 IL App (1st) 112547, ¶¶ 25-26.

¶ 21 In our disposition in *People v. Maxey*, 2013 IL App (2d) 120283-U[1], we continued to follow our holding in *Zeleny* that acquiescing to a trial date within the speedy-trial period did not constitute delay but also acknowledged the other part of the holding that agreeing to a continuance does result in a delay chargeable to the defendant. After setting out the holdings of *Cordell*, *Zeleny*, and *LaFaire*, as we have done above, we explained the following:

> "The three cases, taken together, suggest a technical definition for delay that is of an initial concern. Next, one must consider whether the parties are setting a mutually agreeable trial date or simply agreeing to a continuance. If it is a convenient trial date within the speedy-trial term, we will not attribute the time to the defendant; if it is outside the term, the time becomes delay attributable to the defendant. Last, if it is a continuance, if the defendant agrees to it, then it becomes attributable to the defendant; if the defendant objects, the time is attributable to the State." *Id.* ¶ 40.

---

[1] This court may rely on the reasoning in a nonprecedential decision because nothing in the language of Illinois Supreme Court Rule 23(e) prevents a court from doing so. *In re Estate of LaPlume*, 2014 IL App (2d) 130945, ¶¶ 23-24; see also *People ex rel. Webb v. Wortham*, 2018 IL App (2d) 170445, ¶ 27 (Illinois Supreme Court Rule 23(e)(1) (eff. Apr. 1, 2018) states that parties may not cite nonprecedential orders except for limited purposes, but that rule does not bind courts).

¶ 22 We distinguished *Wade*, where the defendant actually agreed to the continuances without objecting or reasserting his speedy-trial rights. In *Maxey*, the defendant consistently objected to the attribution of any time to him and reiterated his speedy-trial demands on the record. *Id.* ¶ 52.

¶ 23 The State urges us to abandon *Zeleny* and adopt the position of the *Lilly* majority. This case presents no reason to do so, however, as the trial court's ruling is consistent with *Zeleny*. The November 1, 2017, order setting the case for trial on February 1, 2018, states, "Motion for continuance by agreement." The trial court, based on its own recollection and the language of several orders, found that the defendant affirmatively agreed to the continuance and did not merely acquiesce to a trial date within the speedy-trial term. We note that, by contrast, the January 25, 2018, order reflects that defendant objected to the continuance and renewed his speedy-trial demand.

¶ 24 Defendant argues that this is a distinction without a difference and that this case is identical to *Zeleny*, which also involved a continuance by agreement. He contends in his reply brief that the reference in the November 1, 2017, order to a "continuance by agreement" was essentially surplusage as there is no indication in the record that the continuance was for anything other than trial.

¶ 25 Three principles work against defendant here. First, a defendant has the burden of showing that his speedy-trial right was violated. *Zeleny*, 396 Ill. App. 3d at 921. Second, we review the trial court's "ultimate determinations" only for an abuse of discretion. *Id.* at 920. Finally, an appellant bears the burden of presenting a sufficiently complete record to support his or her contentions of error, and any doubts arising from the absence of a complete record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Here, the trial court found that defendant agreed to the continuance generally and did not object to the

continuance and acquiesce in the setting of a mutually agreeable trial date. *Zeleny* and *Maxey* recognize such a distinction. The court's finding was based on its own recollection and its interpretation of the various docket entries. Given the lack of a transcript of the November 1, 2017, hearing, an agreed statement of facts, or a bystander's report, defendant cannot meet his burden to show otherwise. Based on its findings, which we have no basis to disturb, the trial court did not abuse its discretion in denying defendant's motion to dismiss on speedy-trial grounds.

¶ 26                                  III. CONCLUSION

¶ 27 The judgment of the circuit court of Kane County is affirmed.

¶ 28 Affirmed.

---

**No. 2-18-0353**

---

| | |
|---|---|
| **Cite as:** | *People v. Ingram*, 2020 IL App (2d) 180353 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 17-CM-2124; the Hon. Christine A. Downs, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Elena B. Penick, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Katrina M. Kuhn, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---